DAVID A. DUNCAN *et al. vs.* NELLIE M. EVERITT *et al.,* (two cases.)

Argued Oct. 19, 1893. Affirmed Oct. 27, 1893.

Nos. 8496, and 8497.

**Bill of Exceptions or Case required to review these appeals.**
    Where the appellant omits to make a bill of exceptions, or a statement of the case, prepared and settled as required by law, the order or judgment appealed from should be affirmed.

Appeal by defendants, John C. Perry and others, from a judgment of the District Court of St. Louis County, *Chas. M. Start,* J., rendered January 9, 1893, that they take nothing in this action.

Appeal by Archibald J. Boyd from an order of the District Court of St. Louis County, *C. L. Brown,* J., made February 25, 1893, denying his motion to open the judgment in this action and make him a party defendant therein and allow him to answer and have a retrial.

The plaintiffs, David A. Duncan, Charles A. Duncan and Frank A. Brewer were partners in business at Duluth and between July 11 and November 22, 1890, sold and delivered lumber to C. A. Everitt & Co. to the value of $845.52 to be used and which was used in building a house on lots fifteen (15) and sixteen (16) in block one hundred and forty five (145) in West Duluth, belonging to defendant, Nellie M. Everitt. The West Duluth Land Company owned the lots, but had given her a contract to convey them to her on payment of the balance of the purchase price. Plaintiffs filed a lien on the lots for the price of the lumber and brought this action to foreclose it and obtain a sale of the property. The Land Company, John C. Perry and others, claiming liens on the lots, were made defendants with the Everitts. The different defendants answered setting up their several rights, interests or claims to liens and the issues were referred to Scott Rex to take the proofs in the case and report the facts. He heard the evidence and reported the facts established. He also appended his conclusions of law. Judgment was entered January 9, 1893, directing a sale of the property and payment of plaintiff's claim, and the balance due to the West Duluth Land Company, out of the proceeds, but adjudging that John C. Perry and some of the other claimants had no lien on the property. No case or bill of exceptions was made or filed. Perry and the other unsuccessful defendants appealed from the judgment, but the evidence of their claims is not in the record.

After this judgment had been entered, Archibald J. Boyd and several others moved the Court upon notice and affidavits to open the judgment and to be made parties defendant and allowed to answer and have a trial of the issues thus made and to share in the proceeds of the sale. This motion was denied February 25, 1893, and Boyd alone appeals from that order. No case was prepared or statement made, signed by the trial Judge, showing what evidence, affidavits or proofs were produced on the hearing of this motion. The two appeals were heard in this Court at the same time and both disposed of in the following opinion.

*Hill & De Vore*, for all the appellants.

*H. F. Greene*, for respondents Duncan *et al.*

*McCordic & Crosby*, for respondent Duluth Land Co.

Buck, J.   The plaintiff commenced an action in the district court of St. Louis county against certain of the defendants, viz. Nellie M. Everitt individually and Charles A. Everitt and Lawrence F. Everitt, copartners as C. Everitt & Co., and the West Duluth Land Company, to foreclose a mechanic's lien upon certain lots in West Duluth.   Only the land company answered.

By stipulation of the parties pleading, one Scott Rex was appointed by the court to take proofs of such facts as were necessary to enable the court to give judgment in the premises, and to report the same to the court.   Such facts were so taken by the referee and reported to the court, but the referee also reported his conclusions of law.   The court found the facts to be as reported by the referee, and found its own conclusions of law, and ordered judgment for plaintiffs, and directed that the premises be sold, and the proceeds applied to the payment of the costs of suit, and the amount found due plaintiffs, and also decreed the same to be a lien upon the premises.

The judgment was rendered August 18, 1891.   Up to this time the other defendants mentioned in this appeal had not been made parties to the action, and it did not concern them as to whether the referee erred in reporting to the court his conclusions of law.   On the 3d day of October, 1891, these other defendants applied to be made parties in the action for the purpose also of having certain claims adjudged mechanics' liens upon the same premises, and that upon a sale of said premises they be allowed to share in the proceeds of sale.   For this purpose lengthy proceedings were had in the matter, which we deem unnecessary to state in detail.   Their application was denied by the court below upon the ground that the alleged errors in the judgment complained of could only be reached and corrected, if they existed, by a motion for a new trial, based upon a settled case containing the evidence.   Neither in that court nor in this is there any bill of exceptions or a statement of the case prepared and settled as required by law.   The appeal from the order is not one denying a motion for a new trial, but an appeal from a certain order of the court below denying the motion of the intervening creditors to set aside and vacate the judgment rendered against them subsequent to the original judgment.   What the errors or grounds for appeal are in the order or judgment ap-

pealed from nowhere appears, for there is no bill of exceptions or settled case to enable this court to determine whether there was error in the court below or not.

The order and judgment appealed from are therefore affirmed.