JOSEPH CONRON and Another v. F. J. HOERR.[1]

May 10, 1901.

Nos. 12,506—(42).

### Appeal from Judgment—Review.

Upon an appeal from a judgment on a verdict, where no case has been signed or bill of exceptions settled by the trial court, the only question that can be reviewed in this court is the sufficiency of the pleadings to sustain such judgment.

### Jury—Deposition.

The objection that depositions were improperly handed to the jury on their retirement cannot be considered in this court upon affidavits, of the parties or their counsel, showing the alleged errors.

### Same—Review on Appeal.

Such alleged errors of law can only be reviewed upon a settled case or bill of exceptions.

Appeal by defendant from a judgment of the municipal court of Mankato, Shissler, J. Affirmed.

*Benjamin C. Taylor*, for appellant.

*Wm. N. Plymat*, for respondents.

LOVELY, J.

This was an action to recover for money had and received to the use of plaintiffs. Defendant shipped poultry to plaintiffs in New York, and drew a sight draft on the consignees for the value of the same, which was honored and paid. The poultry, when it reached New York, was damaged. Plaintiffs sold the same for the best price obtainable (which amounted to $31.22 less than the amount of the draft), and then brought suit in the municipal court of Mankato to recover the overpaid balance on the draft, and recovered a verdict therefor. Judgment was entered on the verdict, upon which defendant appeals, assigning as error that certain depositions were improperly delivered by the court to the jury, on their retirement.

[1] Reported in 85 N. W. 1012.

We are not at liberty to consider this question, for the reason that it is not presented by any settled case or bill of exceptions. This contention seems to have been argued to the trial court upon affidavits by the respective attorneys, who attempted to show what was done in the delivery of such depositions to the jury when retiring to consider their verdict. Facts occurring during the trial of an action cannot be reviewed here upon this species of evidence. It ignores the vital theory underlying practice in error by courts of review, which requires that the facts upon which errors of law are predicated in rulings of the trial court must be settled and determined before they can be considered here. The provisions of the law are clear as to how this shall be done. We cannot consider the action of the trial court raised by affidavits to show what occurred during the conduct of the trial. This course is clearly irregular. The bill of exceptions or settled case, as provided by statute (G. S. 1894, § 5400), is an essential prerequisite to a review of such alleged errors. No procedure of this character was adopted in this case, and, the judgment being based upon a sufficient complaint, there is nothing before us to determine but the question whether such complaint states a cause of action, of which there is no doubt; and the judgment is affirmed. Flibotte v. Mullen, 36 Minn. 144, 30 N. W. 448; Duncan v. Everitt, 55 Minn. 151, 56 N. W. 591.

Judgment affirmed.