JOSEPH STEWART *vs.* MARY E. DUNCAN.

May 1, 1889.

**Action to Vacate Judgment for Fraud—Who may Sue.**—The statute authorizing "the party aggrieved" to prosecute an action to set aside a judgment obtained by means of the fraud of the "prevailing party," *held* not to authorize one not a party to the action in which such judgment was recovered, although he was directly interested in the result, to maintain such statutory action.

Appeal by defendant from a judgment of the district court for McLeod county, where the action was tried before *Edson,* J.

*Peck & Brown,* for appellant.

*R. H. McClelland,* for respondent.

DICKINSON, J. This defendant recovered a judgment for damages against one Kohler in an action against him in the district court.

In that action an appeal was taken to this court from an order refusing a new trial, and the order was affirmed. The case is reported in 37 Minn. 379, (34 N. W. Rep. 594.) That action was for the taking of certain grain by Kohler, who was a sheriff, under an execution upon a judgment which this plaintiff had recovered against this defendant's husband. Before the levy was made the sheriff, Kohler, required an indemnity bond from this plaintiff, which the latter gave, conditioned to save the sheriff harmless in respect to all claims of this defendant to the grain, and all costs, charges, trouble, and expense which the sheriff might be put to by reason of the levy and sale. The plaintiff alleges in his complaint that he has thus become obligated to pay to Kohler the costs of the appeal to this court, with the charges for attorney's services, amounting to $143.80, besides the judgment of $150.42 against Kohler. It is alleged that the judgment against Kohler was recovered by means of the perjury of this defendant (the plaintiff in the former action) in giving her testimony as a witness in the trial of that action. For this reason this action is prosecuted to have the judgment against Kohler set aside, and its enforcement restrained, and for the recovery of the amount of the costs and charges which this plaintiff has become obligated to pay to Kohler. By special verdict of a jury, $100 was found to be the amount of the damages sustained by reason of the facts alleged in the complaint, and the issue of perjury was also found in favor of this plaintiff. Thereupon judgment was directed and entered for the recovery of the damages, and forever restraining the enforcement of the judgment against Kohler. This appeal is from that judgment.

The question arises whether this plaintiff can maintain such an action. Unless there are other facts affecting the case than those shown by the complaint and findings presented in this record, the action is maintainable only by force of the statute, (Laws 1877, *c.* 131; Gen. St. 1878, *c.* 66, § 285.) *Johnston* v. *Paul*, 23 Minn. 46. This statute authorizes an action to be prosecuted by "the party aggrieved" to set aside a judgment obtained by means of the perjury or fraudulent conduct of "the prevailing party." The court is expressly authorized to enjoin the enforcement of such judgment, to compel restitution of money or property received by virtue of it, and to make

such further order or judgment as may be just or equitable. This statute is in derogation of the well-established and salutary principle and policy of the common law, which forbids the retrial of issues once determined by a final judgment. The statute should not, therefore, be so construed as to extend its operation beyond its most obvious import. Placing the most natural construction upon the language of the law, it does not embrace one standing in the situation of this plaintiff. "The party aggrieved" is the only language in the act designating who may maintain such an action. The definite article "the," and the word "party," used with distinct reference to a judgment recovered in an action, are not to be taken to have been employed without regard to their proper signification, unless upon satisfactory reasons apparent in the terms or the obvious purposes of the enactment. There were but two parties to the action under consideration. This plaintiff was not a party to it, although he was directly interested in the result, as it would affect his liability to the sheriff under his indemnifying bond. In determining the meaning of the word "party," it should further be observed that the same word is used in the same sentence with undoubted reference to a party to the action. The specified cause for which "the party aggrieved" may prosecute such an action is the perjury, etc., of "the prevailing party." It would be a liberal construction, rather than a strict one, which should give to the words "the party aggrieved," as used in this connection, a meaning equivalent to "any person aggrieved." Although it may be that whatever reasons of expediency induced the passage of such a law are applicable in respect to persons standing in some other relations to a litigation as well as to the parties to it, it would seem that the attention of the legislature had not been directed to such cases.

Judgment reversed.