FRED HASS and another *vs*. BENJAMIN H. BILLINGS and others.

November 21, 1889.

**Statutory Action to Vacate Judgment for Fraud—Perjury of Witnesses.**—Under Gen. St. 1878, *c*. 66, § 285, providing an action to set aside a judgment obtained by means of the perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, an action cannot be maintained upon the bare allegation that on an issue of fact squarely made, so that each party knows what the other will attempt to prove, and where neither has a right, or is under any necessity, to depend on the other to prove the fact to be as he himself claims it, there was false or perjured testimony by the successful party or his witnesses.

**Same—Diligence Required.**—Nor does the statute excuse the party from exercising proper diligence in preparing for trial.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren, J.,* presiding, overruling their demurrer to the complaint.

*Stocker & Matchan,* for appellants.

*Fred Hass, Jr.,* for respondents.

GILFILLAN, C. J. The appeal is from an order overruling a demurrer to the complaint. The action is under Gen. St. 1878, *c.* 66, § 285, to set aside a judgment recovered by these defendants against these plaintiffs, as alleged, by perjury and fraud, and to recover back the amount of the judgment which these plaintiffs have paid. The facts, stated briefly, set forth in the complaint as the basis for the cause of action are that in December, 1886, the defendant Baker, being indebted to this plaintiff Hass, Sr., on a promissory note then in the hands of the plaintiff Hass, Jr., as agent for Hass, Sr., to collect or procure security for the same, indorsed in blank, and delivered to said Hass, Jr., as collateral security for said note, a note for $2,000, made by Sackett & Wiggins, dated December 6, 1886, payable in three months to the order of the Minneapolis Brick Company, a firm composed of these defendants Billings and Baker, which note was also indorsed in blank by said Minneapolis Brick Company, said Baker then representing to said Hass, Jr., that said note represented an actual indebtedness on the part of the makers to the amount thereof. January 28, 1887, these defendants demanded from these plaintiffs the possession of said note, and on their refusal to comply with the demand brought an action against them to recover for an alleged conversion of the note. The pleadings in that action are set out in this complaint. The complaint in that action alleges that the note of Sackett & Wiggins was given for an indebtedness of the makers to those plaintiffs, belonged to them, (these defendants,) and that Baker, as their agent, presented the same to the defendants therein for the purpose of having the same discounted for said plaintiffs, and that he delivered it to said Hass, Jr., at his request, and solely to enable him to ascertain the financial responsibility of the makers; that said note was not discounted, and thereupon they (the plaintiffs) demanded a redelivery of the note, which was refused. It also alleges the solvency of the makers and that the note was of the value of $2,000. The said complaint was

verified by this defendant Baker. The answer contains various admissions and denials; among them, a denial that the note was of any other or greater value than $1,760, and also of the solvency of the makers, and also that the note was presented or delivered to Hass, Jr., in the manner or for the purpose stated in the complaint, and alleged that it was delivered as collateral security, substantially as it is alleged in the complaint in this action. The reply denied such new matter in the answer. This complaint then alleges that in June, 1887, the action so commenced was tried, and on the trial said Baker testified on behalf of the plaintiffs therein, stating the transaction of the delivery of the note to Hass, Jr., in substance as it is stated in that complaint. This complaint also alleges that the note was without consideration; that it was given solely for accommodation, and was of no value, and not enforceable in favor of any of these defendants, and that the makers were insolvent; that Baker, when he verified the complaint, well knew the note had been made solely for accommodation and without consideration, and that the allegations with respect thereto, and respecting the indebtedness of the makers and of the consideration and value of the note, were wholly false and untrue, and that his said testimony was, as he knew at the time of giving it, false; that in that action judgment was recovered against these plaintiffs, (defendants therein,) and in favor of these defendants, (plaintiffs therein,) and that these plaintiffs did not know or discover till after they had paid the judgment that the note was without consideration, or for accommodation, but believed it to be valid, and worth not less than $1,760, and believed the makers to be solvent.

The statute referred to provides "that in all cases where judgment heretofore has been, or hereafter may be, obtained in any court of record by means of the perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, an action may be brought by the party aggrieved to set aside said judgment at any time within three years after the discovery by him of such perjury, subornation of perjury, or of the facts constituting such fraudulent act, practice, or representation. Such action shall be commenced in the judicial district where such judgment was rendered, and in such action the court shall have and

v.42m.—5

possess the same powers heretofore exercised by courts of equity in like proceedings," etc.   This statute has been several times directly or indirectly before this court.   In *Wieland* v. *Shillock*, 24 Minn. 345, the questions were whether, by its terms, it included all judgments, those rendered before as well as those rendered after its passage; and whether, if it included those rendered before its passage, it was, as to such judgments, constitutional.   The question, what character of perjury, subornation of perjury, or fraudulent act, practice, or representation would justify the action, was not before the court.   In *Spooner* v. *Spooner*, 26 Minn. 137, (1 N. W. Rep. 838,) it was held, on demurrer to the complaint, that as to judgments rendered subsequent to its passage the act was constitutional; that it is not limited in its scope to cases in which, prior to its passage, equity would give relief; and that the complaint stated a case within the act.   The report of the case does not show what the complaint stated, but by referring to the return we find it makes a case entirely different from this complaint.   The action in which the judgment assailed was rendered was in part in the nature of a bill for discovery as to receipts and disbursements of the defendant on behalf of the plaintiff, (the plaintiff also in the action to set aside the judgment,) in which the plaintiff had to rely largely upon the account which the defendant might state; and the principal fraud and perjury consisted in making false accounts, and swearing to them as true.   It was a case in which the aggrieved party might be defrauded notwithstanding any amount of diligence on his part in preparing for trial.   In *Stewart* v. *Duncan*, 40 Minn. 410, (42 N. W. Rep. 89,) the court said: "This statute is in derogation of the well-established and salutary principle and policy of the common law, which forbids the retrial of issues once determined by a final judgment.   The statute should not, therefore, be so construed as to extend its operation beyond its most obvious import."   It was therefore held that one not a party to the action, though directly interested in the result, is not "the party aggrieved" within the meaning of the act.

Besides the reason that the act is in derogation of the common law, there is another reason for a strict construction, furnished by the

consequences to which a large construction would lead. All who are familiar with the trial of causes know how ready the defeated party is, however full an opportunity he may have had to present his case, to charge that the result was brought about by false swearing and perjury of the successful party and his witnesses. That is often the feeling of the defeated party, especially where there is a direct conflict between the testimony on one side and that on the other. Had these defendants been defeated in the first action, they might have felt and alleged that it was through perjury on the part of the defence. Should they be defeated in this action, and their former judgment be vacated by the judgment in this, they might allege that the result was reached through perjury of the opposite party; and so on, *ad infinitum*, as often as the matter should be tried and a judgment rendered. Where, if the statute allows an action to be brought to set aside any judgment upon the naked allegation of perjury, will be the end of litigation? When will controversies between litigious parties be finally determined? If the statute permits controversies to be in that manner perpetually kept open, it is certainly a very mischievous one. We cannot think the legislature intended to go that length.

It would be hardly possible for us, and we will not attempt, to say definitely how far the statute extends, and lay down a general rule to determine what cases come within it. It is safer to determine from time to time, as each case may arise, whether the circumstances bring the case within what we deem to be its spirit and intent. When an issue is squarely made in a case, so that each party knows what the other will attempt to prove, and neither has a right, or is under any necessity, to depend on the other proving the fact to be as he himself claims it,—and such appears to be this case,—the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witnesses will not, as we think, bring his case within the meaning of the statute. The statute certainly could not have been intended to excuse a party from exercising proper diligence in preparing for trial. It does not appear by this complaint but that these plaintiffs could, with the least diligence, have ascertained how the fact was, and have produced

ample evidence in respect to the character of the note of Sackett & Wiggins and the responsibility of the makers.   It cannot be that the statute intended, in giving the action, to make unnecessary the ordi-nary prudence and reasonable diligence required in cases of appli-cation for new trials on the ground of surprise or newly-discovered evidence.

It is unnecessary to consider what character of "fraudulent act, practice, or representation" will sustain the action; for, aside from the allegation of false swearing on the part of the defendant Baker in verifying the complaint and as a witness, the complaint does not allege any act, practice, or representation of defendants touching, or relating to, or which could have affected, the conduct or trial of the first action.

Order reversed.