HEDVIG A. COLBY *vs.* CHRISTIAN M. COLBY.

Argued by appellant, submitted on brief by respondent, Dec. 4, 1894. Affirmed
Dec. 14, 1894.

No. 9015.

**The facts stated.**

The complaint alleges that the defendant and plaintiff were husband and wife; that he sent her away to a distant foreign land, and there left her destitute, for the fraudulent purpose of preventing her from defending an action for divorce which he intended to commence against her; that he then commenced said action against her, and, with the summons and

complaint there served on her, he caused to be delivered to her an agreement to pay her alimony, and wrote her a letter stating that the ground of divorce was barrenness; that she was barren, and was induced by the letter to believe that barrenness was a ground for divorce in this state; that the ground in fact alleged was impotency; that she was not impotent, which he well knew; that all of these and some other artifices alleged were practiced for the fraudulent purpose of preventing her from defending the suit, and that they did induce her not to defend it, and that he procured judgment thereon by falsely swearing that she was impotent, which judgment made no provision for alimony.

**Complaint states a cause of action.**

*Held,* this complaint states a cause of action under 1878 G. S. ch. 66, § 285, to set aside the judgment.

**Perjury of plaintiff as to facts not exclusively known to him.**

*Held,* further, the fact that the judgment was procured by perjury, does not constitute a cause of action, the false testimony not being of a fact peculiarly or exclusively within his knowledge, and she did not have to depend on him for proof of the fact.

**Such perjury is a material circumstance.**

But *held,* the fact that the judgment was procured by perjury is a material circumstance, to be considered with the other circumstances in the case in showing that such judgment was procured by fraud.

**Delay of nineteen months not insuperable laches.**

*Held,* under all the circumstances of this case, a delay of one year and seven months after the commencement of the divorce suit, before the commencement of this action, cannot, as a question of law, be held to be laches on her part which will bar the action.

Appeal by defendant, Christian M. Colby, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made April 7, 1894, overruling his demurrer to the complaint of his divorced wife, Hedvig A. Colby, to set aside the judgment of divorce for fraud and perjury in procuring it. She brought this action under 1878 G. S. ch. 66, § 285.

*W. H. Adams,* for appellant.

*Arctander & Arctander,* for respondent.

CANTY, J.    The defendant demurred to the complaint on the ground that it did not state a cause of action, and this is an appeal by him from an order overruling the demurrer. The action is brought under 1878 G. S. ch. 66, § 285, to set aside a judgment of divorce. The

complaint alleges: That the parties were married in Denmark in 1879, and lived and cohabited together until May 4, 1892. That they then resided in Minneapolis, in this state. That for the purpose and with the intent of fraudulently procuring a divorce from her, and of preventing her from defending against the action for the same, he persuaded her to go back to Denmark to remain for a year or two, for the benefit of her health, and sent her to Denmark accordingly. That as a part of the same fraudulent scheme, and for the purpose of preventing her from returning to the state to defend such action, he failed to furnish her any funds whatsoever after September, 1892, and that she was then in Denmark, without friends, relatives, or any means. That he then commenced an action for divorce against her in Hennepin county, in this state, alleging impotency as the ground of divorce, and caused the summons and complaint to be served on her in Denmark on October 6, 1892. That on the copy there served on her was then written the following statement, signed by him:

"In case of divorce being granted me in this action, I agree to pay and allow the defendant, Hedvig A. Colby, the sum of $25 per month so long as she may need the same or remain single. C. M. Colby,"— but that nothing of the kind was ever attached to or made a part of the original papers. That he made this a part of the copies of the papers so served for the fraudulent purpose of inducing her to believe that such allowance would be made for her by the court, but that in fact he never procured or intended to procure any order or judgment for any such allowance. That at the time of the service of the papers on her she was not acquainted with the meaning of the term "impotent," which he well knew, and he then fraudulently represented to her, by a letter written and sent to her, that the cause for which he was seeking such divorce was the barrenness of plaintiff, and no other cause. That she was thereby induced to believe that the fact that she was barren, and had borne no children to him, was a sufficient ground for divorce in Minnesota, and she was then far from any person who sufficiently understood the English language to inform her, or who could inform her in any of these matters. That all of these fraudulent artifices and some others alleged were practiced with the intent and for the purpose of inducing her not to defend the divorce action, and by reason of the same she was induced not to defend against the same.

That on November 19, 1892, she being in default for want of an answer, he appeared before the District Court, and, after being duly sworn, testified that she was, and ever since said marriage had been, impotent, and incapacitated for sexual intercourse. That all of said testimony was wholly false, as he then well knew, and that she never was impotent. That thereupon the court ordered judgment divorcing the parties, which judgment was entered on that day, and was obtained by said perjury and said fraudulent acts and practices.

That plaintiff arrived in this state May 4, 1894, three days before the commencement of this action, and then for the first time learned that said action for divorce was not on the ground of barrenness, and that no provision had been made for her support or maintenance by said judgment. That since September, 1892, he has contributed nothing to her support except the sum of $25.

We are of the opinion that the complaint states a cause of action under said section 285. If she was sent away and left without means in a distant country for the purpose of preventing her from defending the divorce action intended to be commenced, and the other artifices alleged were practiced for the same purpose, it is clearly a case where that statute will apply. By reason of the confidential relations of the parties, and the dependent position of the wife, the husband has opportunities for procuring judgment against her by fraud which are not possessed by one stranger as against another.

It was a year and seven months after the time the papers were served on her in the divorce suit before she commenced this action, and it is urged by appellant that she is guilty of laches in failing to act more promptly. Under all the circumstances of the case as alleged, we cannot so hold as a question of law. It does not very clearly appear from the allegations of the complaint that she was unable during all of this time to learn the true state of affairs, or return and act in the matter, yet it may fairly be implied from the allegations that such was the case,—that her helpless and destitute condition continued.

It is further urged by appellant that the complaint does not state a cause of action on the ground of perjury, or show facts which entitle her to relief on that ground. We are of the same opinion. It was held in *Hass* v. *Billings,* 42 Minn. 63, (43 N. W. 797,) that where

the pleadings disclose the fact to be proved so that the opposite party knows what the pleader will attempt to prove, and "is not under any necessity to depend on the other to prove the fact as he himself claims it," an action will not lie under the statute to set aside a judgment procured by perjury committed in proving such fact. We are of the opinion that the rule applies as well when the judgment is thus obtained when the defendant is in default as when he is not. In this divorce case the complaint did disclose what the plaintiff would attempt to prove, and they were not facts peculiarly or exclusively within his knowledge. But the allegations of the complaint in the present case which aver that the charge of impotency and the evidence to prove it were both willfully false is still material as throwing light on the alleged fraudulent scheme to put it out of her power to defend the action, as showing a motive for that scheme and the fraudulent practices in carrying it out, as tending to show his fraudulent intent in those practices, and as giving a coloring to his prior acts, all of which are matters to be considered on the trial of the action. The case of *Bomsta* v. *Johnson,* 38 Minn. 230, (36 N. W. 341,) does not support the appellant's contention in any of these respects. These are all the points raised worthy of consideration.

The order appealed from is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 460.)