J. R. WATKINS v. C. O. LANDON and Others.[1]

January 7, 1897.

Nos. 10,301—(186).

**Judgment—Action to Set Aside—Perjury—Due Diligence.**
The construction of G. S. 1894, § 5434, given in Hass v. Billings, 42 Minn. 63, followed, and applied to the allegations of the complaint herein.

Appeal by plaintiff from a judgment of the district court for Wabasha county in favor of defendants, entered in pursuance of the order of Gould, J. Affirmed.

The facts upon which the first action were based are stated in Watkins v. Landon, 52 Minn. 389, 54 N. W. 193. Judgment in that case was entered as stated in the following opinion. The present action was begun in August, 1895, and at the trial was dismissed as stated in the opinion. Defendants' motion to dismiss was made on the grounds (1) that the complaint did not state a cause of action, and (2) that it appeared from the facts admitted in the pleadings that the fraud and subornation of perjury were discovered more than three years before the action was begun.

*W. T. Valentine* and *Erwin & Shumaker*, for appellant.

Since the time within which plaintiff has to commence an action begins to run on the discovery of the fraud or perjury, such discovery is of such evidence as would make a prima facie case. Shannon v. White, 6 Rich. Eq. 96; Way v. Cutting, 20 N. H. 187;

[1] Reported in 69 N. W. 711.

Kansas Pac. R. Co. v. McCormick, 20 Kan. 107; Marbourg v. McCormick, 23 Kan. 38. The question is, when did plaintiff discover the fraud? See Piatt v. Longworth, 27 Oh. St. 159. The burden of proving notice is upon the party alleging it. Harlin v. Stevenson, 30 Iowa, 371; Sears v. Shafer, 6 N. Y. 268; Long v. Mulford, 17 Oh. St. 484. For ignorance cannot be proven. Hopkins v. Mazyck, Hill Ch. 242.

The Minnesota statute was an innovation on the common law, and extended the ground upon which an action might be brought. See Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341. It could not have been the intention of the court in Hass v. Billings, 42 Minn. 63, 43 N. W. 797, to hold that in no case would an action lie under the statute against a judgment obtained by perjured testimony upon an issue made by the pleadings, for, if a judgment may not be set aside for perjury and subornation of perjury upon an issue made at the trial, then those words in the statute are meaningless. At common law where a judgment was permeated with perjury and the perjury consisted in the introduction of forged documents, equity would give relief. Gray v. Barton, 62 Mich. 186, 28 N. W. 815; Towey v. Young, Prec. Ch. 193.

*Webber & Lees*, for respondents.

The legislature did not intend that the statute should confer upon the defeated party the right to seek relief from a judgment against him upon the same grounds which he had urged as a reason for obtaining relief. Otherwise it would result that a defeated litigant could thus twice obtain the adjudication of a court upon the same question on the same grounds. Any such construction of the statute would seem unreasonable. The purpose of the statute is evident from cases in other jurisdictions. Smith v. Lowry, 1 John. Ch. 320; Greene v. Greene, 2 Gray, 361; United States v. Throckmorton, 98 U. S. 61; Vance v. Burbank, 101 U. S. 514; Hilton v. Guyott, 42 Fed. 249; Gray v. Barton, 62 Mich. 186, 28 N. W. 813; Pico v. Cohn, 91 Cal. 129, 25 Pac. 970, and 27 Pac. 537.

COLLINS, J.[2] In an action pending in district court between these same parties judgment was ordered upon findings of fact in

[2] The CHIEF JUSTICE took no part.

favor of these defendants, and thereafter plaintiff's motion for a new trial was denied. On appeal to this court the order denying the motion was affirmed. 52 Minn. 389, 54 N. W. 193. Subsequently, December 1, 1893, judgment was entered in conformity with the findings against this plaintiff. The present action, based upon the provisions of G. S. 1894, § 5434, was brought to set aside this judgment, upon the ground that it was obtained by the fraud of and the subornation of perjury by the defendants. At the trial of this action, but before any testimony had been produced, the court dismissed the same, ordering judgment upon the merits in favor of the defendants. This appeal is from the judgment of dismissal thereafter rendered.

Since its enactment in 1877 the section in question has been before this court for interpretation and application a number of times. In Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89, it was said that, as it is in derogation of the well-established and salutary principle of the common law which forbids the retrial of an issue once determined by a final judgment, it must not be construed so as to extend its operation beyond its most obvious import. In Hass v. Billings, 42 Minn. 63, 43 N. W. 797, the scope and purpose of the statute were considered more at length, and it was then said that no general rule could be laid down by which to determine what cases came within it; that it was safer to determine from time to time, as each case may arise, whether the circumstances bring it within what the court might deem to be its spirit and intent. But, said the court:

"When an issue is squarely made in a case, so that each party knows what the other will attempt to prove, and neither has a right, or is under any necessity, to depend on the other proving the fact to be as he himself claims it,   *   *   *   the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witnesses will not   *   *   * bring his case within the meaning of the statute."

It could not have been intended to excuse a party from exercising proper diligence in preparing for trial; nor was the statute intended, in giving the action, to make unnecessary the ordinary prudence and reasonable diligence required in cases of applications for new trials on the ground of surprise or newly-discovered evidence. This construction of the statute has been followed and

the rule there laid down expressly approved in Wilkins v. Sherwood, 55 Minn. 154, 56 N. W. 591, and Colby v. Colby, 59 Minn. 432, 61 N. W. 460. It must be regarded as the settled law in respect to the statute it construes.

The only question, then, is, does it apply to the case now before us? The gist of the complaint in the present action in respect to the fraud and perjury is that, prior to the trial of the former action, these defendants wrongfully and fraudulently procured and induced one Sands to forge a certain assignment purporting to be signed by Dr. Ward, the inventor of the liniment over which the litigation arose, and purporting to convey the right to Sands to make and sell the liniment in Minnesota, and at the trial the defendants wrongfully and fraudulently produced and introduced this forged assignment in evidence, and, further, did procure and induce Sands then and there to testify falsely that said assignment was actually made, executed, and delivered by Dr. Ward to him (Sands) at Pennsylvaniaburg, in the state of Indiana, on July 16, 1856.

We find that, attached to the complaint herein, and made a part thereof, are copies of the complaint, answer, reply, findings of fact, conclusions of law, and judgment in the former action; said judgment being the one assailed in this proceeding as having been obtained by the alleged fraud, perjury, and subornation of perjury at the trial. In the answer just mentioned the defendants distinctly alleged that, at Pennsylvaniaburg, in the state of Indiana, on the 16th day of July, 1856, said Ward duly assigned, transferred, and granted to said Sands, in consideration of the sum of $5, the right to manufacture and sell the liniment in question in Minnesota, and did then and there deliver to Sands the formula or recipe for making the same. These allegations were put squarely in issue by the reply. The court, in its findings, found in favor of the defendants and against the plaintiff upon the issue thus made; its finding being substantially in the language of the answer.

It would be difficult to prepare an answer and reply in which the issue as to an alleged assignment of a right to manufacture and sell an article, affirmed on the one side and denied upon the other, could be more fairly and distinctly presented, even as to places and dates, than it was in the answer and reply referred to and

made a part of the complaint herein. The plaintiff was advised in the most unequivocal way, by the allegation in the answer, that at the trial the defendants would attempt to prove that, at a specified place in the state of Indiana, upon a certain day in the year 1856, Dr. Ward did execute and deliver to Sands an assignment of the import stated, and did then and there in a formal manner authorize his assignee to manufacture and sell the liniment in Minnesota, and at the same time and place did furnish to him the formula and recipe for making the article. In his reply the plaintiff denied the assignment, and averred that no such assignment was made.

It was his duty to prepare for a trial of the issue, and to exercise proper diligence to meet the defendants' allegations in respect to the assignment. Of course, it is not a case where plaintiff would have the right, nor was he under any necessity, to depend upon the defendants for proof that the fact was as he claimed in respect to the assignment. It was said, in Clark v. Lee, 58 Minn. 410, 59 N. W. 970, that a party against whom a judgment has been obtained cannot, by commencing an action under the statute in question, obtain relief or make a defense which he should have made in the original action, when there is no excuse for his having failed to make it.

The complaint in the present action does not advise us whether the plaintiff actually made a defense to the claim of assignment, or wholly failed so to do upon the trial. But, in principle, there can be no distinction made between a case in which a defense is actually made, but proves unsuccessful, and one in which there is a total failure to defend. The complaint herein upon its face brings the case within the rule laid down in Hass v. Billings, supra, and, as no cause of action was therein stated, the action was properly dismissed.

Judgment affirmed.