NORA O'BRIEN and Others v. PETER LARSON and Others.[1]

January 31, 1898.

Nos. 10,889—(269).

**Estate of Decedent—G. S. 1894, § 4514—Allowance of Outlawed Claim —Jurisdictional Error—Injunction to Restrain Sale of Real Estate.**
    Section 4514, G. S. 1894, provides that no claim against a person deceased shall be a charge against or lien upon his estate unless presented to the probate court within five years after his death. The probate court erroneously allowed claims not presented within the five years. *Held,* the error did not go to the jurisdiction, and the judgments allowing the claims are not void. *Held,* further, an action will not lie in the district court to enjoin the sale of real estate pursuant to the license of the probate court for the payment of the claims.

**Same—Action to Set Aside Judgment—G. S. 1894, § 5434.**
    Also, that this action cannot be maintained under section 5434, G. S. 1894, to set aside the judgments allowing the claims, if for no other reason, because the complaint does not show that the plaintiffs used due diligence to defend against the allowance of the claims in the probate court.

Appeal by plaintiffs from an order of the district court for Kandiyohi county, Powers, J., denying their motion for a new trial after an order of the court directing judgment in favor of defendants upon the pleadings. Affirmed.

*John T. Byrnes* and *M. C. Brady,* for appellants.

Under G. S. 1878, c. 46, § 3, subd. 10, the real estate of decedent was free from the liens of creditors after the lapse of three years from his death. In re Ackerman, 33 Minn. 54; Gates v. Shugrue, 35

[1] Reported in 74 N. W. 148.

Minn. 392; Boltz v. Schultz, 61 Minn. 444; Hill v Nichols, 47 Minn. 382. After the lapse of three years the probate court had no jurisdiction to allow claims against the estate. Lamson v. Schutt, 4 Allen, 359; Stillman v. Young, 16 Ill. 318; Tarbell v. Parker, 106 Mass. 347; Hall v. Woodman, 49 N. H. 295; Ferguson v. Scott, 49 Miss. 500; Carey v. Dennis, 13 Md. 1; Walker v. Diehl, 79 Ill. 473. An injunction will lie in the district court to restrain the sale of lands by the administrator for the payment of such outlawed claims. Butler v. Johnson, 111 N. Y. 204; Gilbert v. Comstock, 93 N. Y. 484.

*George Miller* and *Daniel Fish*, for respondents.

The probate court has exclusive original jurisdiction over the allowance and disallowance of claims against the estate of a decedent. Its judgments are subject to review by the district court, but after an allowance of a claim its validity cannot be questioned collaterally. State v. Probate, 25 Minn. 22; Lewis v. Welch, 47 Minn. 193; Barber v. Bowen, 47 Minn. 118. The probate court has exclusive jurisdiction over the sale of decedent's lands, and an order of license is an adjudication by the probate court which cannot be reviewed except upon appeal from the order.

CANTY, J.[2]

The complaint in this action alleges that John O'Brien, a resident of Kandiyohi county, died in April, 1887, leaving, surviving him, a widow and several children, some of whom are the plaintiffs in this action; that he left a considerable amount of real and personal property, but left no debts except such as were afterwards paid by his widow; that his widow died in January, 1894, and in July of that year letters of administration on his estate were issued to his son Dennis S. O'Brien, who qualified and entered upon his duties; that on May 6, 1895, sixteen claims were presented to the probate court against said estate, and the administrator fraudulently conspired with the persons filing the same to permit the same to be allowed against the estate by the probate court, and they were so allowed, all of which claims were made on account of debts con-

[2] BUCK, J., absent, took no part.

tracted by the widow long after the death of John O'Brien. These alleged creditors are all made defendants, and said real estate is all duly described.

It is further alleged that on May 4, 1896, the administrator resigned, and the defendant Peter Larson was appointed in his place; that he qualified and entered on the discharge of his duties; that on August 10, 1896, the probate court granted license to sell said real estate for the payment of the said debts, and, pursuant to said license, the administrator, Larson, has advertised the lands for sale and threatens to sell the same. The relief asked is for a temporary and a permanent injunction restraining the defendants from selling the real estate, and that the court declare that said claims are not a lien on the same. Defendants answered, and on the trial the court ordered judgment in their favor on the pleadings. From an order denying a new trial, plaintiffs appeal.

Section 4514, G. S. 1894, provides:

"No claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court as herein provided within five years after the death of such decedent."

It will be observed that the claims were presented to the probate court more than five years after the death of John O'Brien, and for this reason, and the reason that the claims should have been disallowed on the merits, appellants claim that the probate court had no jurisdiction to allow them. We cannot so hold. The probate court had jurisdiction of the subject-matter and the parties, and if it erred in allowing claims which were outlawed, or which on the merits should not have been allowed, the error does not go to the jurisdiction. We need not consider whether, even if the judgments allowing the claims were absolutely void for want of jurisdiction, there would not still be an adequate remedy in the probate court by motion to set them aside on that ground, and that for this reason injunction will not lie. If the probate court had jurisdiction, that jurisdiction is exclusive, and cannot be interfered with by injunction issued out of the district court. See Starkey v. Sweeney, supra, page 241; Boltz v. Schultz, 61 Minn. 444, 64 N. W. 48.

Appellants also claim that this action can be maintained under

section 5434, G. S. 1894, which provides that a judgment obtained "by means of the perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party," may be set aside by an action brought for that purpose within three years after the discovery of the facts. The cases of Hass v. Billings, 42 Minn. 63, 43 N. W. 797, and Colby v. Colby, 59 Minn. 432, 61 N. W. 460, show that the court will construe this section strictly. The only fraud alleged in the complaint is that the administrator and the pretended creditors conspired together to allow the claims, and that the administrator connived at the allowance of the same. For all that appears, the heirs might have had ample notice and full knowledge of what was being done. It does not appear whether or not plaintiffs appeared in the proceedings, or defended against the allowance of the claims, and no excuse is offered for failing to appear and defend. For this reason, if for no other, the action cannot be maintained under section 5434. See Schweinfurter v. Schmahl, 69 Minn. 418, 72 N. W. 702; Clark v. Lee, 58 Minn. 410, 59 N. W. 970; and Watkins v. Landon, 67 Minn. 136, 69 N. W. 711.

Order affirmed.