THOMAS MOUDRY v. PAULINA WITZKA.[1]

May 15, 1903.

Nos. 13,466—(38).

## Action to Set Aside Judgment.

Section 5434, G. S. 1894, authorizing an action to set aside a judgment obtained by fraud or perjury, was not intended to provide for the reopening of a cause, which had been fully determined upon its merits, where the pleadings apprised the parties of the issues and the nature of the evidence which the defeated party was required to meet, in the action wherein such judgment was obtained.

## Case Distinguished.

Geisberg v. O'Laughlin, 88 Minn. 431, considered, and distinguished.

Appeal by defendant from an order of the district court for Le Sueur county, Cadwell, J., overruling a general demurrer to the complaint. Reversed.

*Thos. Hessian,* for appellant.

*Charles C. Kolars,* for respondent.

LOVELY, J.

This action is to set aside a judgment entered upon a verdict of a jury in a previous suit upon the ground that it was obtained by perjury. A general demurrer questioning the sufficiency of the complaint was interposed, which was overruled. From this order, defendant appeals.

The complaint now before us sets forth much that is immaterial to the disposition of this appeal, and it is only essential on this review to refer to the facts in the pleading reviewed which are determinative of the conclusion we have reached.

The defendant here previously brought an action against this plaintiff for assault and battery. In her complaint in that case it was alleged that this plaintiff not only assaulted, but by threats had sexual intercourse with, her, whereby she became pregnant, and was delivered of an illegitimate child. In his answer in that

[1] Reported in 94 N. W. 885.

case, defendant denied each and every allegation of the complaint. On the trial of that suit there was a verdict for plaintiff for substantial damages. A motion for new trial was duly made and overruled. On appeal from such order, this court sustained the court below. Witzka v. Moudry, 83 Minn. 78, 85 N. W. 911, in which is furnished more specific information concerning the salacious record in that case than is necessary to be repeated on this review. The complaint in this action alleges substantially that there was a conspiracy entered into and carried out by the defendant here with her guardian ad litem in the former suit, to extort money from this plaintiff; that defendant and such guardian, by means of a perversion of the processes of law, manufactured and submitted false evidence to support her cause of action therein; that this plaintiff was entirely innocent of the charges against him, and had exercised due diligence in endeavoring to meet such unfounded accusations, but was unable to secure evidence to sustain his denial of the facts as set forth in his answer, other than by his own evidence; and that it was not until over a year after judgment had been entered against him, and after he had paid a portion thereof, that neighbors of the plaintiff in the former suit in several instances informed him that she had made admissions and statements to the effect that she had sworn falsely to secure the verdict, and was influenced to do so by her guardian, upon whom she was dependent. The specific admissions relied upon are set forth in detail, with many other averments, which we have not thought necessary to refer to more specifically. Suffice it to say that they tend to show that plaintiff had committed perjury in material respects on the former trial.

By the terms of the statute upon which this action is sought to be justified, a suit to set aside a judgment obtained in any court of record by means of perjury is authorized at any time within three years after the discovery thereof, under certain conditions therein provided for. G. S. 1894, § 5434. In Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89, this court held that "this statute is in derogation of the well-established and salutary principle and policy of the common law, which forbids the retrial of issues once determined by a final judgment," and that "the statute should not,

therefore, be so construed as to extend its operation beyond its most obvious import." In Hass v. Billings, 42 Minn. 63, 43 N. W. 797, it was held, in the words of GILFILLAN, C. J., in construing this statute, that "when an issue is squarely made in a case, so that each party knows what the other will attempt to prove, and neither has a right, or is under any necessity, to depend on the other proving the fact to be as he himself claims it," the action cannot be maintained. This limitation of the statute has been further approved and sustained in Watkins v. Landon, 67 Minn. 136, 69 N. W. 711, and O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148. We held in Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310, where a default judgment was obtained by fraud, that the right to maintain an action under this statute to set it aside was concurrent with the remedy by the statutory motion to vacate such judgment, but the statute was never intended to apply to a case like the one at bar, which had been fully tried on its merits, upon pleadings fully apprising the parties of the nature of the evidence which must be relied upon to sustain the issues.

In this case the allegations of the complaint distinctly informed defendant of the charge made against him. He knew it could be substantiated only by direct evidence of his guilt, which necessarily would be given by the party bringing the action, and in this legal way he was afforded an opportunity to meet such evidence at the trial. No fraud or deceit was practiced upon him, so far as informing him of the elements of the alleged cause of action and character of the proof to support it in the former suit, and it would be straining the statute beyond judicial sanction to hold that it applied to such a case.

We do not wish, however, to be understood as holding that no case could arise, though fully tried on its merits, which would not justify an application of the statute; for it is probable that an action to set aside a judgment on the ground of the perjury of the prevailing party could be maintained under this statute where deceit had been practiced upon his adversary, whereby he had been misled as to the character of the proofs intended to be produced to support the action, or where he was kept in ignorance of his rights, and fraudulently misled as to the nature of the evidence

he would be required to meet. These and similar cases, which show that there never has been a real contest on the trial or hearing of the case, furnish reasons for which a new trial might be authorized; but we cannot believe that it was the purpose of the statute to dispense entirely with the doctrine of res judicata, and the wholesome rule, vital to the authority of judicial action, that forbids one who has his day in court from continually opening and reviewing questions that have been determined upon their merits.

Order appealed from reversed.