PAULINE BISSEBERG v. JENS J. REE.[1]

December 14, 1906.

Nos. 15,041—(124).

**Action to Vacate Judgment.**

When the issues are clearly defined by the pleadings and no deceit is practiced which misleads a party as to the character of the proofs intended to be offered, an action will not lie, under section 5434, G. S. 1894, to vacate a judgment on the ground that it was obtained by fraud and perjury.

Appeal by plaintiff from a judgment entered pursuant to an order of the district court for Yellow Medicine county, Powers, J., granting a motion for judgment on the pleadings. Affirmed.

*J. M. Freeman,* for appellant.

*Ole Hartwick* and *O. A. Lende,* for respondent.

ELLIOTT, J.

This is an appeal from a judgment entered pursuant to an order granting the defendant's motion for judgment on the pleadings. The action was brought to have a certain judgment vacated and set aside

[1]Reported in 109 N. W. 1115.

99 M.—31

on the ground that it was obtained by perjury and subornation of perjury.

The complaint alleges in substance, omitting legal conclusions, that in May, 1904, the plaintiff brought an action against the defendant to recover damages for malicious injury to her stock. It was alleged that on February 3, 1904, the defendant took possession of certain cattle belonging to plaintiff and exposed them to the cold and inclement weather, thereby causing great injury to the stock and damage to the plaintiff. The answer was a general denial.

At the trial the plaintiff testified that the cattle were taken and exposed on February 3, 1904, as alleged in the complaint. The defendant denied that he took the cattle on the 3d, and exposed them to the storm, but admitted that he took them on February 4, and alleged that the weather on that day was fine, and that no injury was done to the stock. Four of defendant's witnesses also testified that the cattle were taken on the fourth instead of the third of February. It was shown by an official weather observer that a storm was raging on February third, and that it turned warm on the morning of the fourth and remained so during the day. The jury returned a verdict for the defendant, and a judgment for costs was entered against the plaintiff.

The complaint in this case recites these facts, and alleges that the defendant and his witnesses at the trial of the former action conspired to defraud the plaintiff, and, for the purpose of deceiving the jury, testified falsely that the defendant took the cattle on the fourth of February, when the weather was warm, instead of on the third of February, when it was cold and stormy. It is claimed that the plaintiff was taken by surprise by this testimony, and was unable to prove that the cattle were actually taken on the third, and that she is now able to show conclusively that the defendant and his witnesses committed perjury and thus influenced the jury to return a verdict against the plaintiff. The answer admits that the witnesses testified as stated in the complaint, and alleges that they testified truthfully. The court properly granted the motion for judgment on the pleadings.

In the original action the defendant interposed a general denial and thereunder was properly allowed to show that the cattle were taken on the fourth of February, when the weather was warm, and not on the third, as claimed by the plaintiff. The issue was clearly defined. The

plaintiff offered her evidence on that issue and failed to convince the jury that the defendant injured her cattle. The plaintiff was not surprised within the legal meaning of the word.

The important fact for her to prove was that the defendant took the cattle and injured them by exposing them to the cold and inclement weather. The exact date, except in connection with the weather, was of secondary importance. The defendant denied having taken and injured the cattle, and at the trial swore that he did not take the cattle and expose them to the storm which was raging on February 3, and to prove this showed that he actually did take possession of the animals on February 4, and that the weather was then warm. If he had them in his possession on the fourth, and they were not then injured, it showed conclusively that the plaintiff's claim was unfounded. The plaintiff testified that she was present when the cattle were taken, and the defendant and his witnesses swore that when she was there the weather was warm. If this evidence was true, it could not have been on February 3, as that was a stormy day. The plaintiff had to show more than the date, she had the burden of showing, also, the exposure of the cattle, and resulting damages. The issues were clearly presented by the pleadings, and there was nothing to show that the plaintiff was fraudulently misled as to the character of the evidence which the defendant would produce. Section 5434, G. S. 1894, does not authorize an action under such circumstances. Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Wilkins v. Sherwood, 55 Minn. 154, 56 N. W. 591; Colby v. Colby, 59 Minn. 432, 61 N. W. 460; 50 Am. St. 420; Clark v. Lee, 58 Minn. 410, 59 N. W. 970; Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885.

The plaintiff had her day in court, and, if she was unable to prove the allegations of the complaint, it was her misfortune, and her only remedy was a motion for a new trial.

Judgment affirmed.