### W. W. HAYWARD v. FRANK D. LARRABEE.[1]

December 11, 1908.

Nos. 15,847—(120).

**Action to Set Aside Judgment Obtained by Fraud.**

Under section 4277, R. L. 1905, providing for an action to set aside a judgment obtained by means of the perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, an action cannot be maintained upon the bare allegation that on an issue of fact, so squarely made that each party knows what the other will attempt to prove, and where neither has a right, or is under any necessity, to depend on the other to prove the fact to be as he himself claims it, there was false or perjured testimony by the successful party or his witnesses. Hass v. Billings, 42 Minn. 63, followed and applied.

Action in the district court for Hennepin county to restrain the defendant from enforcing the balance of a certain judgment against said plaintiff and in favor of one Charles T. Northrup, on the ground that the judgment was obtained solely by perjury. From an order, Brooks, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*A. E. Helmick,* for appellant.

*Benton, Molyneaux & Morley,* for respondent.

JAGGARD, J.

This was an appeal from an order sustaining a demurrer to a complaint. That pleading set forth substantially the following facts: Defendant and respondent, Larrabee, had been the counsel for plaintiff in an action to recover for personal injuries against the defendant therein, who is the plaintiff and appellant, Hayward, herein. A verdict was recovered, and the decision of the trial court refusing to grant a new trial was affirmed. Northrup v. Hayward, 99 Minn. 299, 109 N. W. 241. Judgment was thereupon entered, and was subsequently satisfied. Larrabee thereafter asserted his lien for the one-third part of the judgment. On February 23, 1907, the satisfaction was vacated and the judgment reinstated for the amount of Larra-

[1] Reported in 118 N. W. 795.

bee's lien, to wit, $731. That order was affirmed upon appeal to this court. 102 Minn. 307, 113 N. W. 701. A "material and vital issue of said [original] action and the determination thereof in said plaintiff's favor was whether said Ernst was an independent contractor; or a servant of defendant, Hayward." Ernst's testimony was "vital and material in the determination," because he was the sole witness on behalf of plaintiff as to such issue.

According to the complaint herein, both Larrabee and the plaintiff in the personal injury action knew said evidence to be false at the time it was given. Plaintiff's utmost exertions failed to discover and expose the false testimony until about the last of November, 1907, when said Ernst returned and made a voluntary confession of such false testimony, fraudulently caused and practiced. The action sought to restrain Larrabee from enforcing or collecting the judgments, which he was attempting to do.

The proceeding was brought under section 4277, R. L. 1905, providing, among other things, that "any judgment obtained in a court of record by means of perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party * * * within three years after the discovery by him of such perjury or fraud." The constitutionality of this statute has been sustained. Spooner v. Spooner, 26 Minn. 137, 1 N. W. 838. In Stewart v. Duncan, 40 Minn. 410, 412, 42 N. W. 89, 90, Dickinson, J., said: "This statute is in derogation of the well-established and salutary principle and policy of the common law, which forbids the retrial of issues once determined by a final judgment. The statute should not, therefore, be so construed as to extend its operation beyond its most obvious import." And see Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Watkins v. Landon, 67 Minn. 136, 69 N. W. 711; O'Brien v. Larson, 71 Minn. 371, 374, 74 N. W. 148; Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885. In Hass v. Billings, 42 Minn. 63, 67, 43 N. W. 797, Gilfillan, C. J., assigned as further reason for strict construction: "All who are familiar with the trial of causes know how ready the defeated party is, however full an opportunity he may have had to present his case, to charge that the result was brought about by false swearing and perjury of the successful party and his

witnesses. That is often the feeling of the defeated party, especially where there is a direct conflict between the testimony on one side and that on the other. Had these defendants been defeated in the first action, they might have felt and alleged that it was through perjury on the part of the defense. Should they be defeated in this action, and their former judgment be vacated by the judgment in this, they might allege that the result was reached through perjury of the opposite party; and so on, ad infinitum, as often as the matter should be tried and a judgment rendered. Where, if the statute allows an action to be brought to set aside any judgment upon the naked allegation of perjury, will be the end of litigation? When will controversies between litigious parties be finally determined? If the statute permits controversies to be in that manner perpetually kept open, it is certainly a very mischievous one. We cannot think the legislature intended to go that length." In Moudry v. Witzka, 89 Minn. 300, 303, 94 N. W. 885, 886, Lovely, J., said: "We cannot believe that it was the purpose of the statute to dispense entirely with the doctrine of res judicata, and the wholesome rule, vital to the authority of judicial action, that forbids one who has his day in court from continually opening and reviewing questions that have been determined upon their merits."

In Hass v. Billings, 42 Minn. 63, 67, 43 N. W. 798, the court did not purport to "lay down a general rule to determine what cases come within it." "It is safer" as it was there said "to determine from time to time, as each case may arise, whether the circumstances bring the case within what we deem to be its spirit and intent." And see Brown, J., in Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310.

In the opinion it is, however, held that, "when an issue is squarely made in a case, so that each party knows what the other will attempt to prove, and neither has a right, or is under any necessity, to depend on the other proving the fact to be as he himself claims it,—and such appears to be this case,—the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witnesses will not, as we think, bring his case within the meaning of the statute." This expression of the law was approved in Wilkins v. Sherwood, 55 Minn. 154, 56 N. W. 591, Colby v. Colby, 59 Minn. 432, 61 N. W. 460, 50 Am. St. 420, Watkins

v. Landon, 67 Minn. 136, 69 N. W. 711, Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885, and Bisseberg v. Ree, 99 Minn. 481, 109 N. W. 1115.

It remains to apply these principles to the facts in the case at bar. The point testified to by the witness whose perjury is charged was, in the language of the complaint, a material and vital issue. It was fully and fairly within the issues framed by the pleadings. The allegations of the complaint were broad enough to have required the admission of evidence upon the controversy. The answer, a general denial, availed to complete the issue. That issue was in fact directly and fully litigated. Hayward paid the plaintiff in the personal injury suit for a satisfaction. This is the third time that this litigation has been before this court in one form or another. We have concluded that, under these circumstances, the case is within the rule laid down in Hass v. Billings, 42 Minn. 63, 43 N. W. 797.

The order of the trial court is affirmed.