## MARGARET A. YOUNG v. CARL LINDQUIST and Another.[1]

July 17, 1914.

Nos. 18,601—(142).

**Action to set aside judgment — case followed.**

1. Under G. S. 1913, § 7910, an action cannot be maintained to set aside a judgment upon the bare allegation that there was false or perjured testimony by the successful party or his witnesses, where an issue of fact is squarely made by the pleadings so that each party knows what the other may be expected to prove and where neither has a right or is under any necessity to depend on the other to prove the facts as he himself claims it. In such case there must be something in the nature of deceit or overreaching fraud which has prevented a full litigation and determination of the case upon the merits. Hass v. Billings, 42 Minn. 63, followed and applied.

**Striking out allegations — conclusions.**

2. Allegations of contradiction between witnesses, and other allegations particularly referred to in the opinion, *held* properly stricken out as redundant or irrelevant. Allegations of perjury and fraudulent practices, without statement of facts constituting the fraud, are mere conclusions, and may be stricken out as irrelevant on motion.

**Discretion of court — requiring complaint to be made certain.**

3. An order of a trial court requiring a complaint to be made more definite and certain rests largely in the discretion of the trial court, and will not be reversed unless that discretion is abused. There was no abuse of discretion in this case.

Action in the district court for Hennepin county to set aside a judgment against plaintiff and recover $734 from defendant Lindquist and plaintiff's expenses in defending his claim for lien, and to recover $205 from defendant Bruce Edgerton Lumber Co. From orders, Steele, J., striking out certain portions of the complaint, plaintiff appealed. Affirmed.

*Margaret A. Young, pro se.*

*John N. Berg, Adolph E. L. Johnson* and *John A. Sweeney,* for respondents.

[1] Reported in 148 N. W. 455.

HALLAM, J.

The defendant Lindquist brought an action against this plaintiff to foreclose a mechanic's lien. Defendant Bruce Edgerton Lumber Co., another lien claimant, intervened. After a regular trial, judgment was ordered for both claimants, and an order denying a new trial was affirmed in this court (119 Minn. 219, 138 N. W. 28). Judgment was thereupon entered in the district court. This action is brought to set aside this judgment on the ground of fraud. Each defendant moved to strike out certain portions of the complaint as irrelevant or redundant, and also moved for an order to make certain other allegations more definite and certain. Both motions were heard together. The court made separate orders and granted part of the relief asked on both motions. A large part of the complaint was stricken out as redundant or irrelevant, and other substantial portions were ordered to be made more definite and certain. Plaintiff appealed from both orders. The complaint is long, covering nearly 18 printed pages, and it is impossible in short compass to discuss separately each allegation covered by these orders, nor do we think it necessary to do so. We think the orders were justified by well settled principles of law.

1. The statutes of this state provide that "if irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion. * * * When the allegations thereof are so indefinite or uncertain that the precise nature of the charge * * * is not apparent, the court may strike it out on motion, or require it to be amended." G. S. 1913, § 7770.

If we bear in mind the principles applicable to an action to vacate, on account of fraud or perjury, a judgment in a former action between the same parties, this case will give us little trouble. Section 7910, G. S. 1913, gives to a party the right to bring an action to set aside "any judgment obtained in a court of record by means of perjury, subornation of perjury or any fraudulent act, practice or representation of the prevailing party." This statute has been repeatedly construed by this court. The statute was not intended to provide for the reopening and retrial of a cause which has once been fully tried and determined upon its merits, nor to excuse a party

from exercising proper diligence in preparing for trial and advising himself as to the facts, the evidence of which is at hand. Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885.

Where perjury is relied upon, the rule is that "when an issue is squarely made in a case, so that each party knows what the other will attempt to prove, and neither has a right, or is under any necessity, to depend on the other proving the fact to be as he himself claims it, * * * the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witnesses will not * * * bring his case within the meaning of the statute." Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Hayward v. Larrabee, 106 Minn. 210, 118 N. W. 795, 130 Am. St. 606; Major v. Leonard, 115 Minn. 439, 132 N. W. 915; National Council of K. & L. Security v. Ruder, supra, page 154, 147 N. W. 959. In such case there must be something in the nature of deceit or overreaching fraud which has prevented a full litigation and determination of the case upon the merits. Colby v. Colby, 59 Minn. 432, 61 N. W. 460, 50 Am. St. 420; Bisseberg v. Ree, 99 Minn. 481, 109 N. W. 1115.

2. The allegations of the complaint that were stricken out had no tendency to bring the case within these rules. Some of the allegations which were absolutely stricken out pertain to a controversy that arose after the judgment was obtained; others simply rehearse contradictions in the testimony of defendant Lindquist and contradictions between his testimony and that of other of his witnesses; other allegations charge that deceit was practiced on plaintiff by her own attorney; others that one of the defendants took his own exhibits from the files and retained them. It is scarcely necessary to say that all of these allegations are redundant or irrelevant to the issue. Other of the stricken allegations contain bald charges of perjury, fraudulent practices, collusion and tampering with records. Such allegations are mere conclusions and are properly stricken out as irrelevant on motion. Dennis v. Nelson, 55 Minn. 144, 56 N. W. 589; 31 Cyc. 623. A general charge of fraudulent practices is not suf-

ficient. The plaintiff must allege the facts constituting the fraud. Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341.

3. As to the portions of the orders which require the complaint to be made more definite and certain little need be said. Such orders rest largely in the discretion of the trial court and will not be reversed unless that discretion is abused. Cathcart v. Peck, 11 Minn. 24 (45); Madden v. Minneapolis & St. L. Ry. Co. 30 Minn. 453, 16 N. W. 263. There was no abuse of discretion in this case.

The portions of the complaint ordered amended allege that the judgment contained "extortionate charges" made by the adverse attorneys, without any further specification of facts; allege the procurement of false testimony without the allegation of any facts bringing the case within the principles above stated; allege wilful misrepresentations without stating any facts, and allege contradictions in the testimony on behalf of the lien claimant. Much of this might have been absolutely stricken out as irrelevant, and plaintiff has no ground to complain of the order as made.

We take occasion to say that, although the complaint is in so many respects insufficient, still, so far as appears, the action was brought in good faith, and the aspersions cast upon the plaintiff, who is also her own attorney, in the printed argument of counsel for defendant, should have been omitted.

Orders affirmed.