## LAVINA MILLER v. FIRST NATIONAL BANK OF ADA.[1]

June 2, 1916.

Nos. 19,715—(104).

**Evidence inadmissible.**

Action to set aside a judgment for fraud and perjury. The sole evidence in support of the complaint was that plaintiff here (defendant in the other action), was not indebted to the plaintiff in that action, that her signature to the note upon which the action was brought was a forgery and so known to that plaintiff and its officers. *Held*: The evidence was inadmissible in this action though admissible in the former action. [Reporter.]

Action in the district court for Norman county to set aside a judgment against plaintiff and an execution sale of premises upon which the judgment was levied, and for an accounting of the rents and the profits of the property so sold. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of defendants. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien*, for appellant.

*M. A. Brattland* and *W. F. Andrews*, for respondents.

PER CURIAM.

This action was brought to set aside a judgment, and proceedings subsequently had thereon, on the grounds: (1) That there was no service of the summons in the action; and (2) that the judgment was procured by fraud and perjury. At the trial below it appeared without serious dispute that the summons was duly served, thus disposing of the first ground of the action.

[1]Reported in 157 N. W. 1069.

---

Note.—Perjury as ground for relief against judgment in an action to set it aside, see notes in 10 L.R.A.(N.S.) 216: 23 L.R.A.(N.S.) 564: 25 L.R.A. (N.S.) 574, L.R.A. 1916B, 890.

The only evidence offered in support of the claim that the judgment was procured by fraud and perjury was that plaintiff, defendant in that action, was not indebted to the plaintiff therein, defendant here; that her signature to the note upon which that action was brought was a forgery and so known to plaintiff in that action, and to its officers and agents. This evidence was excluded by the trial court. The ruling was correct. The proffered evidence was not available to defendant in this action. It should have been interposed in defense in the former action. Hayward v. Larrabee, 106 Minn. 210, 118 N. W. 795; Cremer v. Michelet, 114 Minn. 454, 131 N. W. 627; Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89. Proceedings subsequent to the judgment are immaterial. Young v. Lindquist, 126 Minn. 414, 148 N. W. 455. If plaintiff was not indebted upon the note sued upon in the former action, she should have interposed her defense therein. Defendant in no way misled her or in any manner prevented her from so doing. And the fact that her husband failed to call her attention to the action and the service of the summons cannot be charged to plaintiff in the action. The service was made by delivery to the husband of a copy of the summons for the wife, at the house of their usual abode. Henry v. Meighen, 46 Minn. 548, 49 N. W. 323, 646, is not in point, and the decision there rendered cannot here be applied. In this case there was no excess over and above the bid at the execution sale. The amount bid concurred with the amount due on the execution with costs.

Order affirmed.