KHAN, Appellant, *v.* KHAN, Respondent.

(No. 8,020.)

(Submitted April 4, 1940.  Decided July 15, 1940.)

[105 Pac. (2d) 665.]

*Mr. D. L. O'Hern* and *Mr. P. F. Leonard,* for Appellant, submitted a brief; *Mr. Leonard* argued the cause orally.

*Mr. George W. Farr,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from a judgment in favor of the defendant. The action is one seeking to set aside a judgment entered in a former action between the same parties and tried in the same court wherein M. Khan prevailed on two causes of action and plaintiff here on only one cause. Plaintiff in this action takes the view that the judgment in the other action was obtained by fraud. The court expressly found that the evidence in this case is insufficient to show that defendant in this action practiced "actual or constructive fraud extrinsic in nature" upon the plaintiff in obtaining the judgment in the other action.

The evidence supports a conclusion that the judgment in the former action was obtained by the defendant through and by means of perjured testimony. Also there was evidence, though conflicting, which tended to show that counsel for plaintiff in the former action but who does not appear in this case, failed and neglected to file a motion for new trial in the first action after promising the plaintiff that he would do so. As before stated, this evidence is disputed. There is also evidence tending to show that the plaintiff and his counsel were taken by surprise in the former action in that the defendant was permitted to introduce evidence that enlarged the issues as set forth in the pleadings. On this point too the evidence was conflicting.

Reduced to its last analysis, plaintiff's claim must stand or fall upon the effect of perjured evidence in the former case. It has been held by this court that a judgment will not be set aside upon the ground of fraud unless that fraud is extrinsic and collateral to the matter tried. (*Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982; *Dunne* v. *Yund,* 52 Mont. 24, 155 Pac.

273; *Clark* v. *Clark*, 64 Mont. 386, 210 Pac. 93; *Moser* v. *Fuller*, 107 Mont. 424, 86 Pac. (2d) 1.)

Plaintiff relies upon the case of *Bullard* v. *Zimmerman*, 88 Mont. 271, 292 Pac. 730, but there the fraud relied upon was fraud in keeping the adversary from appearing in court. It was extrinsic fraud without doubt. He also relies upon the case of *State ex rel. Sparrenberger* v. *District Court*, 66 Mont. 496, 214 Pac. 85, 33 A. L. R. 464, but there too the fraud prevented the adverse party from being properly served with summons and, hence, from getting into court. It too was extrinsic.

That false, fraudulent and perjured testimony and the negligence and unskillfulness of counsel are not ground for setting aside a judgment is well settled. (34 C. J. 284, 285; *Donovan* v. *Miller*, 12 Ida. 600, 88 Pac. 82, 10 Ann. Cas. 444, 9 L. R. A. (n. s.) 524; *United States* v. *Throckmorton*, 98 U. S. 61, 25 L. Ed. 93; *Toledo Scale Co.* v. *Computing Scale Co.*, 261 U. S. 399, 43 Sup. Ct. 458, 67 L. Ed. 719; *Steele* v. *Culver*, 157 Mich. 344, 122 N. W. 95, 23 A. L. R. 564; *Jacobowitz* v. *Herson*, 268 N. Y. 130, 197 N. E. 169, 99 A. L. R. 1198; *Hayward* v. *Larrabee*, 106 Minn. 210, 118 N. W. 795, 130 Am. St. Rep. 606; *Pico* v. *Cohn*, 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336; *Bolden* v. *Sloss-Sheffield Steel & I. Co.*, 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206, and, see, *Federal Land Bank of Spokane* v. *Gallatin Co.*, 84 Mont. 98, 274 Pac. 288.) The rule and the reason for it are stated in the case of *Caldwell* v. *Taylor*, 218 Cal. 471, 23 Pac. (2d) 758, 88 A. L. R. 1194, as follows: ''An analysis of the authorities upon the question of what fraud will warrant the aid of equity indicates that only upon proof of extrinsic and collateral fraud can plaintiff seek and secure equitable relief from the judgment. A showing of fraud practiced in the trial of the original action will not suffice. The authorities hold this to be intrinsic fraud, and uniformly hold that since there must be an end to litigation, and the fraud was part of the case presented in the former action, equity will not reopen the litigation.'' (See, also, annotation 88 A. L. R. 1201.)

Plaintiff failed to make a showing entitling him to have the judgment set aside. If plaintiff has any remedy for fraud practiced upon him in obtaining the judgment that remedy under the circumstances here does not consist of the right to have the judgment set aside.

From what we have said, the court was correct in holding that there was no proof of extrinsic fraud entitling the plaintiff to have the judgment in question set aside. The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied September 26, 1940.