CHARLES MAJOR v. EDWARD LEONARD and Another.[1]

October 20, 1911.

Nos. 17,311—(93).

**Vacation of judgment.**

A motion to set aside a judgment, under section 4277, R. L. 1905, on the ground that it was procured by perjured testimony, will not be entertained when the complaint in the action fully informed the defendant of what plaintiff would attempt to prove, and defendant, though he answered, failed to appear at the trial, and was not fraudulently deceived by any act of plaintiff. Hass v. Billings, 42 Minn. 63, and other decisions followed and applied.

Action by the administrator of the estate of Minnie Major, deceased, in the district court for Beltrami county to recover $1,173, balance alleged to be due from the proceeds of a sale of certain real property. The case was tried before Stanton, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $1,426.55  From an order denying defendant's motion to set aside the judgment, he appealed.  Affirmed.

*Charles W. Scrutchin,* for appellant.

*John F. Gibbons* and *A. A. Andrews,* for respondent.

BROWN, J.

Action to recover for money had and received, in which plaintiff had judgment against defendant Leonard, who appealed from an order denying his motion to set the judgment aside.

The complaint fully disclosed the nature of plaintiff's demand, and the defendant appeared in the action and answered by general denial. The cause was duly noticed for trial, and when reached in its order on the calendar defendant failed to appear.  Whereupon plaintiff

[1]Reported in 132 N. W. 915.

[Note] Perjury as ground for relief against judgment, see notes in 10 L.R.A. (N.S.) 216; 23 L.R.A.(N.S.) 564; 25 L.R.A.(N.S.) 574.

introduced his evidence in support of the allegations of the complaint, and the court duly awarded him a judgment for the amount claimed. Defendant's motion to vacate the judgment was based upon section 4277, R. L. 1905, which provides for the vacation of judgments procured by fraud and perjury. It is claimed, in support of the motion, and affidavits were presented tending to support the claim, that the evidence offered by the plaintiff on the trial was false and untrue.

Defendant has mistaken his remedy. The rule adopted by the court in the construction of this statute is that, where the pleadings disclose the facts to be proved on the trial, so that each party is informed what his adversary will attempt to prove, neither an action nor a motion to set the judgment aside, on the ground that it was procured by perjury in presenting the evidence to the court, will be entertained. Hass v. Billings, 42 Minn. 63, 43 N. W. 797. Plaintiff practiced no fraud or deceit upon defendant, either in the form of his complaint or in bringing the cause to trial, and defendant's remedy, if for any sufficient reason he was unable to be present at the trial, was by a motion for a new trial, under section 4198, R. L. 1905. Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885; Watkins v. Landon, 67 Minn. 136, 69 N. W. 711; Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310; O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148. Under the rules stated and the authorities cited, the learned trial court properly denied the motion.

Order affirmed.