## JACOB PUUSTINEN v. JOHN SAARI AND ANOTHER.[1]

December 22, 1922.

No. 23,049.

**Breach of contract—verdict sustained by evidence.**
1. The evidence was sufficient to justify the jury in finding that the contract alleged in the complaint had been made, and that it was breached by defendants to plaintiff's damage in the amount awarded by the jury.

**Amendment of complaint discretionary.**
2. Under the circumstances mentioned in the opinion, it was within the discretion of the trial judge to permit the complaint to be amended by the introduction of a new cause of action and an increase in the amount sought to be recovered.

Action in the district court for St. Louis county to recover $5,100 for breach of contract. Defendants interposed a counterclaim of $700. The case was tried before Hughes, J., who at the close of the testimony, denied defendants' motion for a directed verdict and a jury which returned a verdict for $4,073. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*George B. Sjoselius* and *Lewis & Hunt*, for appellants.
*Carl A. Onkka* and *Boyle & Montague*, for respondent.

LEES, C.
Action for damages for breach of contract, in which plaintiff recovered a verdict of $4,073. Defendants have appealed from a denial of their blended motion for judgment or a new trial. There

[1] Reported in 191 N. W. 273.

is one assignment of error. The question presented is whether there is sufficient evidence to support the verdict.

Plaintiff is a Finnish laborer, unable to speak the English language. Defendants are dealers in forest products and were conducting logging operations near Palo in St. Louis county in the winter of 1920-1921. J. H. Bacon was their camp clerk. As their authorized agent and in their behalf, on November 29, 1920, he made a written contract with plaintiff, whereby the latter agreed, for a specified consideration, to cut, haul and deliver, f. o. b. cars on defendants' railroad, 10 double cords more or less of spruce pulpwood and 50 double cords more or less of balsam and poplar boxwood bolts.

Plaintiff testified that about a week later, and before he had cut any timber, Bacon pointed out seven forties of land from which the timber was to be obtained; that, beginning in December and continuing until February 10 following, he cut on these lands 531 double cords of boxwood and 96½ double cords of pulpwood, and hauled to defendants' railroad track 147½ cords of the boxwood and 2½ cords of the pulpwood; that Bacon had full knowledge of all that was done and urged plaintiff to get out all the timber he could because defendants' men at other camps were on a strike; that on one occasion he had a talk with J. S. Saari, one of the defendants, and told him where he was cutting the timber, and that Mr. Saari asked him to cut more spruce because he already had enough poplar. Plaintiff also testified that while doing the cutting he came upon some pine trees on one of the forties and reported it to Bacon, who directed him to cut the pine, promising, in defendants' behalf, to pay him $25 a thousand when it was delivered at the railroad track; that, acting on such instructions, he cut 670 pine logs. Plaintiff is corroborated by his nephew, Wilho Tikander, with respect to the trip to the woods with Bacon when the land where the timber was to be cut was pointed out, and to some extent by a witness called by defendants.

Bacon flatly contradicted plaintiff and Tikander. He denied that he ever had the conversations or made the statements which plain-

tiff related from the witness stand. Mr. Saari was equally explicit in his denial of the conversation with plaintiff to which the latter had testified, but it appeared without dispute that some of the men employed by plaintiff were paid by issuing time checks amounting to several hundred dollars, drawn upon, accepted and paid by defendants while the work was in progress. On February 10, 1921, Mr. Saari notified plaintiff that defendants would not accept or pay for any of the wood. The reason for giving the notice is in dispute.

It is conceded that on receiving the notice plaintiff ceased his operations and brought this action to recover the difference between the sum he would have received if defendants had taken all the timber he cut and paid the price specified in the written contract and the total expense he would have incurred in making delivery at the railroad track. Proof of such expense was supplied by plaintiff's testimony in connection with a memorandum book he had kept. His competency to testify to the probable cost of performing the contracts was established to the satisfaction of the trial judge. Plaintiff had scaled each piece of timber and testitfied to the proportions of spruce and other varieties of timber that went to make up the whole, supplementing his testimony by reference to the time checks he had issued and to his memorandum book. On cross-examination he admitted that the book was not entirely accurate and that he would not "gamble on it." If the jury had accepted his testimony at its face value, they would have been justified in returning a verdict in his favor for $5,618.22. Defendants earnestly insist that his testimony is so full of contradictions as to be wholly unworthy of credence, and emphasize the point by calling attention to the fact that a number of witnesses testified that his local reputation for truth and veracity was so bad they would not believe him under oath.

Viewed at this distance from the scene of the trial, plaintiff's testimony is not particularly convincing. For that matter, neither is Bacon's, but, as we have repeatedly said in similar cases, it was the province of the jury to sift out the truth. Their verdict has received the approval of an experienced trial judge who saw the

witnesses and heard their testimony. He was in a much better position than we are to determine whether the evidence justified the jury in returning a verdict for the plaintiff. An attentive consideration of the record has satisfied us that the jury might have found for either party, and hence we cannot disturb their verdict.

A question is raised as to the propriety of two amendments of the complaint, which were permitted in the course of the trial. Both related to the claim for cutting pine logs. Defendants consented to the first amendment. The second increased the amount claimed under this head. There was no objection except that the testimony was too indefinite to prove damages. The whole matter lay within the discretion of the trial judge.

Order affirmed.