IN THE MATTER OF THE APPEAL OF LAURA L. LYNCH
FROM THE ORDER OF THE PROBATE COURT OF
ROCK COUNTY SETTING ASIDE THE PUR-
PORTED WILL OF CHRISTINA WITT.
LAURA L. LYNCH v. H. L. RASMUSSEN AND OTHERS.[1]

June 15, 1923.

No. 23,356.

**Testatrix was of sound mind and not subject to undue influence.**

1. Evidence considered and *held* to sustain the findings of the trial court to the effect that the will in contest was not induced by the undue influence of the beneficiaries therein named or other, and that testatrix was of sound and disposing mind when the same was executed.

**Finding of probate court as to residence of testatrix final, when.**

2. On an appeal to the district court from an order of the probate court disallowing a will, the question of the residence of testatrix at her death, not being put in issue on such appeal, the findings of the probate court thereon are final and conclusive.

**No error in the record.**

3. The record presents no error in the admission or exclusion of evidence, or other reversible error.

From an order of the probate court for Rock county disallowing the purported last will of Christina Witt, Laura L. Lynch appealed to the district court for that county. The appeal was heard by Nelson, J., who made findings, reversed the order of the probate court and ordered the will admitted to probate. From an order denying their motion for amended conclusions and order for judg-

[1]Reported in 194 N. W. 318.

ment or for a new trial, H. L. Rasmussen and others appealed. Affirmed.

*O. Thoreson* and *Canfield & Michel,* for appellants.

*M. W. Chunn* and *J. A. Cashel,* for respondent.

BROWN, C. J.

Christina Witt, late of Rock county, this state, died in September, 1920, leaving what purported to be her last will and testament in and by which she made disposition of her property and effects. The will, executed in due form, was subsequently presented to the probate court in connection with a petition for its allowance and probate. On the date set for the hearing on the petition certain nieces and nephews of testatrix appeared before the court and contested the allowance of the will on two specific grounds: (1) That testatrix was of unsound mind at the time of the execution of the will, and therefore incompetent to make it; and (2) that she was induced to make and sign it by the undue influence of the beneficiaries named therein and others unknown to contestants. The probate court sustained the points of contest and made an order disallowing the will, and appointing an administrator as in the case of other intestate estates. Proponents of the will appealed to the district court where, after due trial, the will was sustained and the order of the probate court disallowing it reversed and set aside. Contestants moved for a new trial and appealed from an order denying it.

1. The assignments of error in support of the appeal challenge rulings of the trial court in the admission and exclusion of evidence, and that the findings of the trial court sustaining and upholding the will are unsupported by sufficient competent evidence.

No serious question is presented. We discover no substantial error in the rulings complained of, at least none of a prejudicial character, and therefore no ground for a new trial. And the evidence, as we read it, amply supports the findings to the effect that testatrix was of sound and disposing mind, and executed the will of her own free will uninfluenced by the mercenary or other ill motives

or influence of those benefited or others. The order denying a new trial must therefore be affirmed.

2. The point that no evidence was presented on the trial showing that testatrix was a resident of Rock county, or that she had property therein at the time of her death, facts going to the jurisdiction of the probate court to administer the estate, therefore a failure to show jurisdiction in that court, for which there should be a reversal here, is not sustained. The petition for the allowance of the will alleged that decedent was resident of Rock county at the time of her death, and left property therein subject to the jurisdiction of the court. Those allegations were in no way put in issue by contestants, sole contention being confined to the point that the will was not valid for the reasons stated in the notice of contestant. No new issues were presented on the trial in the district court, the points of contestant being there the same as in probate court. In that situation contestants are in no position to urge the absence of evidence to establish the residence of testatrix at the time of her death. The question was not within the issues presented by the contest, and no findings thereon were made by the district court. And, moreover, the probate court expressly found that testatrix was a resident of Rock county at the time she died and left property and estate therein subject to the jurisdiction of that court. That finding is a matter of record in the proceedings, and was in no manner disturbed by the findings of the district court in respect to the validity of the will, and conclusively established the jurisdictional fact.

3. The important question presented is whether the evidence sustains the findings of the trial court to the effect that testatrix was of sound and disposing mind, and was not unduly influenced to make and execute the will by the beneficiaries named therein or others. Upon that feature of the case we have read the record with care and find therein, as heretofore stated, ample evidence to sustain the findings. The rule guiding this court in the review of questions of the kind is that the findings of the trial court will be interfered with or set aside only when manifestly against the evidence. Rasmusson v. Evans, 150 Minn. 319, 185 N. W. 297; Woodville v.

Morrill, 130 Minn. 92, 153 N. W. 131. We make no attempt to discuss the evidence in detail; it would serve no useful purpose. It appears that decedent at the date of the will was 80 years of age. She had no immediate relatives, other than a sister, having a right to her bounty; no surviving husband or children. Her estate amounted to about $12,000. She gave the whole thereof by the will to that sister, also well along in years, for life, with certain specific bequests to third persons, not of blood kinship, the same to be paid to them on the termination by death of the life estate of the sister. The residue the will gave to the children of testatrix's deceased brother, share and share alike. The specific bequests absorbed the bulk of the estate. The will was prepared by a reputable lawyer, in harmony with the wishes of testatrix, it was fully explained to her, not only by the attorney, but by a third person who had been called in to witness the execution of the document. That person was a German, the nationality of testatrix, and he translated and explained to her the terms of the will in that language. That testatrix fully understood the contents of the will, and that it was prepared in accordance with her directions and wishes is thus fully established. The fact that nonrelatives were the chief beneficiaries of her bounty casts no reflection upon her mental capacity, and the evidence taken as a whole was not such as to require a finding that her mind to so dispose of her property, to friends, was unduly moved in that direction. She was old, but not feeble minded. And, without further statement of the facts, we conclude that the evidence is not manifestly against the findings of the trial court, and there must therefore be an affirmance.

It is so ordered.