## WILLIAM B. PENNISTON AND BLANCHE PENNISTON v. JOHN MILLER.[1]

September 21, 1923.

No. 23,552.

**Complaint bad in action to vacate judgment obtained by perjury.**

The complaint in an action to set aside a judgment, claimed to have been procured by perjury, which shows that the alleged perjury was directed to an issue squarely made by the pleadings, and that in respect thereto neither party depended upon the other for any of his proof, does not state a cause of action under section 7910, G. S. 1913. The construction of that section with respect to such a case was settled by Hass v. Billings, 42 Minn. 63, 43 N. W. 797, and the rule there adopted controls this case.

Action in the district court for Rock county to set aside a judgment and to recover $6,663.89 paid in satisfaction thereof. From an order, Nelson, J., overruling his demurrer to the complaint and certifying the question as important and doubtful, defendant appealed. Reversed.

*C. T. Howard* and *George P. Gurley*, for appellant.

*James H. Hall* and *Clague & Barnes*, for respondents.

STONE, J.

The complaint challenged by the general demurrer, from the order overruling which this appeal was taken, alleges that the judgment which is sought to be set aside was procured fraudulently by the false and perjured testimony of defendant (respondent here and plaintiff in the former action) and another witness. The issue to which the alleged perjured testimony was directed was very simple, and raised only the question as to whether or not a farm was susceptible of drainage. The complaint shows very clearly that the false swearing had to do with nothing else. That issue was the only one litigated and the defendant in the former action (plaintiff

[1]Reported in 194 N. W. 944.

and respondent here) was fully advised as to just what he had to meet. The jurisdiction of the court was properly invoked and neither party depended upon the other for any proof necessary to sustain his contention.

It is true that the statute provides for setting aside "any judgment obtained in a court of record by means of perjury, subornation of perjury, or any fraudulent act, practice or representation of the prevailing party." But as long ago as 1889 in Hass v. Billings, 42 Minn. 63, 43 N. W. 797, the statute, for the very convincing reasons stated in that decision, was construed not to apply to a case such as this. Where an issue is squarely made and each party knows what the other will attempt to prove, and neither has a right or is under any necessity to depend upon the other's proving the fact as he himself claims it, the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witness, will not bring the case within the statute.

This is such a case. Therefore, the demurrer to the complaint should have been sustained. Hass v. Billings has been followed in cases too numerous for citation; among others, Marcus v. National Council, K. & L. of S. 134 Minn. 338, 159 N. W. 835.

Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310, is not at all an authority to the contrary, for there the fraud successfully complained of was a false affidavit of publication which resulted in the jurisdiction of the court being fraudulently invoked.

The order appealed from is reversed.