# JOHN SAARI AND ANOTHER v. JACOB PUUSTINEN AND OTHERS.[1]

January 2, 1925.

No. 24,331.

**Vacating judgment on claim of perjury.**
  1.  A party cannot set aside a judgment under G. S. 1923, § 9405, G. S. 1913, § 7910, upon the ground that it was obtained by perjury, when he is advised by his adversary's pleading what he will prove, is in position to investigate and meet his claim, is not misled, and is not dependent upon him for proof.

**Vacation denied.**
  2.  Under the facts stated in the opinion the plaintiffs cannot set aside the judgment of the defendants against them upon the ground that there was perjury.

Action in the district court for St. Louis county by the copartners doing business as Saari Brothers to vacate a judgment against them. The case was tried before Freeman, J., who made findings in favor of defendants. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*George B. Sjoselius,* for appellants.

*Boyle & Montague* and *Carl A. Onkka,* for respondents.

DIBELL, J.

This is an action to set aside because obtained by perjury a judgment against the plaintiffs, who were the defendants in Puustinen v. Saari, 154 Minn. 58, 191 N. W. 273, 156 Minn. 501, 194 N. W. 627. There were findings for the defendant and the plaintiffs appeal from the order denying their motion for a new trial.

1.  The statute provides that "any judgment obtained in a court of record by means of perjury," etc., may be set aside in an action brought for that purpose by the aggrieved party. G. S. 1923, § 9405; G. S. 1913, § 7910.

[1]Reported in 201 N. W. 434.

When a party is apprised of his adversary's claim by the pleadings, is in position to investigate and meet it, is not misled, and is not dependent upon him for proof, an action under the statute will not lie. This has been the uniform construction. Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Major v. Leonard, 115 Minn. 439, 132 N. W. 915; Marcus v. National Council, 134 Minn. 338, 159 N. W. 835; Penniston v. Miller, 156 Minn. 403, 194 N. W. 944; Dunnell, Minn. Dig. and 1916 and 1921 Supp. § 5128, and cases cited.

2. In the action of Puustinen against the plaintiffs one controversy was over the amount of the timber products cut. The plaintiffs claim there was perjury in the proofs relating thereto, affecting the amount of the judgment, though not altogether preventing a recovery. Puustinen testified that he employed Jack Lakela, John Salo, Antti Kangas, Matt Peramaki and John Rissanen, and testified as to the amount they cut. The plaintiffs claim that Lakela and Salo were not employed at all; and that Puustinen testified falsely as to the amount cut by the other three. The trial court did not find whether Puustinen committed perjury, but held that under the facts shown the plaintiffs were not entitled to relief under the statute. It found that time slips issued by Puustinen to these five men, showing the quantities of timber claimed to have been cut, were delivered to the plaintiffs in January or February, 1921, and were retained by them until the time of trial; that the time slips advised them of the amount claimed by Puustinen; that the Duluth & Iron Range Railroad Company had made scales of timber cut upon its lands, in part involved here, and the state of timber cut on its lands; and that the plaintiffs knew of the scales but made no effort to get them. The pleadings made the issue between the parties. The plaintiffs knew at the beginning the claim of Puustinen. The trial lasted three days. The evidence of the plaintiff, claimed to be perjured, was introduced on the first day. The plaintiffs had an opportunity to meet the issue by their evidence and to attack the verity of that offered by Puustinen. They were not misled. The facts bring the case within the doctrine stated in the preceding paragraph and there is no relief for the plaintiffs under the statute.

Order affirmed.