EDWARD W. HAWLEY v. HENRY N. KNOTT.[1]

December 16, 1927.

No. 26,258.

**Complaint in action to set aside a judgment insufficient.**

A complaint which charges that the adverse party obtained a judgment by giving false testimony and fraudulently suppressing evidence at the trial, but fails to show that there are facts substantiating such charges which were not known or available at the trial, fails to state a cause of action for setting aside the judgment.

Judgments, 34 C. J. p. 476 n. 8; p. 491 n. 33.

---

See note in 10 L.R.A.(N.S.) 216; 23 L.R.A.(N.S.) 564; 25 L.R.A.(N.S.) 574; L. R. A. 1916B, 890; 15 R. C. L. 769.

Plaintiff appealed from an order of the district court for Hennepin county, Waite, J. sustaining a demurrer to his amended complaint. Affirmed.

*A. B. Jackson* and *Donald G. Hughes,* for appellant.

*James Robertson* and *John F. Bonner,* for respondent.

TAYLOR, C.

Plaintiff brought this action under G. S. 1923, § 9405, to set aside a judgment against him and in favor of defendant on the ground

[1]Reported in 216 N. W. 800.

that it had been obtained by the perjury and fraudulent acts of defendant. He appeals from an order sustaining a demurrer to his complaint.

The judgment was rendered June 23, 1925, in an action for libel and the pleadings in that action are made a part of the complaint in this. Henry N. Knott, the plaintiff in the libel action and the defendant in the present action, became city clerk of the city of Minneapolis in January, 1909, and continued as such clerk during all the times involved herein. Edward W. Hawley, the defendant in the libel action and the plaintiff in the present action, was an alderman of the city of Minneapolis when he made the alleged libelous charges.

Knott, as city clerk, issued liquor licenses and made transfers of liquor licenses for each of which he collected a fee of one dollar and paid it into the city treasury. If requested by the applicant, he or an employe in the office prepared the necessary papers for procuring a license or a transfer and for this service collected an additional fee of one dollar, termed in the record "excess fees." He retained these "excess fees" on the theory that, being for services performed outside his official duties, they belonged to him and not to the city. No record was kept of them. In 1914, in an opinion requested by the city council, the city attorney ruled that these "excess fees" belonged to the city. Thereupon Knott paid into the city treasury the sum of $2,000 to cover the amount which he had received for preparing papers relating to liquor licenses and for certain other services not necessary to mention. Knott had issued some 3,000 liquor licenses and transfers of liquor licenses, and Hawley charged that Knott had collected a much larger sum as "excess fees" than he had turned over to the city. The libel suit followed. Hawley asserted therein and still asserts that the charges were true. Whether Knott had collected a larger sum as "excess fees" than he had accounted for to the city was the principal issue at the trial of the libel case.

Hawley caused a subpoena duces tecum to be served on Knott requiring him to produce at the trial all applications for liquor licenses and for transfers of liquor licenses filed in the clerk's office

in the years 1909 to 1914 together with the bonds and affidavits accompanying them. The complaint in the present action states that he failed to produce them, and that he testified as the reason for not producing them that prior to the subpoena he had directed his chief clerk to destroy all records in the office more than six years old in order to make room for the later records. The complaint further states that the chief clerk and all the other employes in the office testified that they had never received any such instructions and had never destroyed or known of the destruction of any records in the office. The complaint further states that the testimony of Knott that he had directed that these records be destroyed was false and given for the fraudulent purpose of preventing plaintiff from placing such records in evidence. This is the charge of fraud and perjury upon which plaintiff predicates his cause of action. The complaint further states, in effect, that if these papers had been produced those made out in the clerk's office could have been ascertained from the handwriting thereon and the name of the person certifying to the acknowledgments and verifications, and that they constituted the only documentary evidence from which the number of the so-called "excess fees" received by Knott could be ascertained. The complaint further states that Knott wilfully either destroyed or concealed these records for the fraudulent purpose of preventing plaintiff from using them as evidence to prove that the alleged libelous statements were in fact true.

The complaint fails to show that any facts not known at the time of the former trial have since been discovered or that any evidence not there presented is now available. It charges that the testimony of Knott, to the effect that he was unable to produce the specified records for the reason that he had directed his chief clerk to destroy them, was false; but so far as appears plaintiff had the same knowledge of its falsity at that trial that he has now. The complaint shows that he attempted to establish its falsity at that trial, for it alleges that the chief clerk testified he had never been instructed to destroy any records and had never destroyed any and did not know of any having been destroyed, and further alleges that all the other employes of the office testified to the same effect.

The complaint contains nothing to indicate that the records in question will be available at another trial or· that plaintiff will be able to present any facts at another· trial which were not presented at the former trial. Plaintiff, in substance, seeks a retrial of a question presented and determined at the former trial, without showing that the facts are other or different than he believed them to be at that trial, or that he now has any evidence bearing thereon which he did not have at that time.

The statute has been considered and construed in a long line of cases, but it has never been given a construction broad enough to bring this case within its purview. For cases delimiting the scope of the statute see Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885; McElrath v. McElrath, 120 Minn. 380, 139·N. W. 708, 44 L.R.A.(N.S.) 505; National Council v. Ruder, 126 Minn. 154, 147 N. W. 959; Kriha v. Kartak, 127 Minn. 406, 149 N. W. 666; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086; Marcus v. National Council, 134 Minn. 338, 159 N. W. 835; Penniston v. Miller, 156 Minn. 403, 194 N. W. 944; Saari v. Puustinen, 161 Minn. 367, 201 N. W. 434. As the complaint, although charging that the adverse party gave false testimony and fraudulently suppressed evidence at the former trial, fails to show that there are facts substantiating such charges which were not known or available at the trial, it clearly fails to state a cause of action under the statute. Betcher v. Midland Nat. Bank, 167 Minn. 484, 209 N. W. 325. The order sustaining the demurrer must be and is affirmed.