EDWARD W. HAWLEY v. HENRY N. KNOTT AND ANOTHER.[1]

August 16, 1929.

No. 27,261.

[1]Reported in 226 N. W. 697.

*Donald G. Hughes* and *A. B. Jackson,* for appellant.

*James Robertson* and *John F. Bonner,* for respondents.

HOLT, J.

Appeal by plaintiff from an order sustaining a demurrer to his complaint.

The pleading, covering with exhibits more than 25 printed pages, is too lengthy to be here incorporated. The substance of the facts alleged is this:

From 1909 to 1925 defendant Knott was city clerk of the city of Minneapolis, and defendant surety company gave successive bonds for the faithful performance of his official duties. In July, 1921, Knott was again a candidate for city clerk before the city council, of which plaintiff was a member. In attempting to defeat Knott, plaintiff in good faith made oral and written charges to the effect that during the time of Knott's incumbency of the office from 1909 to 1915 he had received as fees for affidavits and acknowledgments

upon 3,019 liquor license applications, bonds and transfers in excess of $2,600 and had accounted for and turned over to the city treasurer only $2,000 thereof. For the charges so made Knott brought an action against this plaintiff to recover damages, alleging that the charges were false and slanderous. The answer was justification. For the trial, in 1923, Knott was subpoenaed duces tecum the said 3,019 liquor license applications, bonds and transfers; but· he failed to produce them, although the rules of the council and certain cited statutes made it his duty to keep the same safely in his office. It is alleged that said 3,019 documents had been wilfully destroyed or secreted by Knott so as not to make them available as evidence to this plaintiff in said defamation action; that had said documents been safely .kept as required by law and adduced at said trial, the truth of the charges made by this plaintiff against Knott would have been conclusively established; that Knott testified at the trial, in excuse for the failure to produce the documents, that they were not at that time in his office or custody; that the result of the trial was a judgment in Knott's favor and against this plaintiff, defendant therein, for $1,676.39. For the last named sum with interest and $1,021.60 expenses incurred in defending the action a recovery is asked. It is not alleged that either amount has been paid.

It is thus seen that this action is to recover the amount of the judgment awarded this defendant in his defamation action and the expenses this plaintiff incurred in unsuccessfully defending it, the ground of recovery being that if this defendant as a city official had performed his duty faithfully there would have been available evidence to establish a perfect defense in the defamation suit. It is to be noted that this action is not one to set aside the judgment recovered by Knott against this plaintiff on the ground that it was obtained by perjury or fraud, as authorized by G. S. 1923 (2 Mason, 1927) § 9405. Such was the action of Hawley v. Knott, 173 Minn. 149, 216 N. W. 800. In fact the judgment for defamation is in this complaint conceded to be valid and incontestable (affirmed as it was, Knott v. Hawley, 163 Minn. 239, 203 N. W. 785) for otherwise there is no basis for the damages now claimed. The present action

is grounded upon defendant's alleged official delinquency in failing safely to keep in his office the 3,019 above mentioned documents so as to be available as evidence, which would have prevented the judgment for Knott.

The three requisite conditions which must co-exist in order to give an action for damages by a private party against a public officer for delinquency or malfeasance in the performance of the duties of his office are clearly and accurately given in Howley v. Scott, 123 Minn. 159, 162, 143 N. W. 257, 259, 51 L.R.A.(N.S.) 137:

"The liability of a public officer for the failure or neglect to perform a duty imposed upon him by statute is clear (1) when such duty is a ministerial one, (2) when the person injured is one to whom performance was due, and (3) when the failure to perform is the proximate cause of the injury sustained."

It is perfectly clear that neither the statutes pleaded by appellant nor the rules of the city council respecting the safe-keeping of the 3,019 documents in the office of the city clerk are for the benefit of appellant or any other party to a defamation suit. Nor does it follow that the failure so to keep them was the proximate cause of the judgment against appellant, for the averments to that effect are mere conclusions of law. The safe-keeping of the documents referred to was a duty the city clerk owed to the public, rather than to litigants who have no interest whatever in or to such documents or the purpose for which they were executed or filed. Throop, Public Officers, § 707, is to the same effect.

There is also another good reason, supported by authorities, for sustaining the demurrer. It is plain that the object of this action is to annul or destroy the judgment rendered between the same parties in a trial on the merits and affirmed on appeal. The law points out only one way in which that can be done. Appellant, as stated, pursued that way and failed. There must be an end to litigation. When the defamation action went to trial this plaintiff knew the documents were not in the city clerk's office. The clerk's official delinquency was, or could have been, fully presented to the jury. It is inconceivable that the jury would have rendered a ver-

dict against appellant if it had appeared that the city clerk had destroyed or secreted evidence which demonstrated the truth of the charges appellant had made against him. But however that may be, there is no allegation showing that if appellant is now to try substantially the same issues as involved in the defamation suit any new evidence is available. There is no allegation that the documents have been discovered or are in existence. There is not even a charge that the judgment attacked was procured by the perjury of the witnesses by which Knott established that he had accounted for all the fees received from the affidavits and acknowledgments pertaining to the 3,019 documents mentioned. Among the authorities holding that a judgment that has become final and incontestable by an affirmance on appeal and by surviving an attack under the statute [G. S. 1923 (2 Mason, 1927) § 9405] cannot be destroyed or annulled by any other action may be cited: Bynoe v. Bank of England, 3 B. R. C. 247; Dunlap v. Glidden, 31 Me. 435, 52 Am. D. 625; Stevens v. Rowe, 59 N. H. 578, 47 Am. R. 231, 232. In the last cited case it is said [at p. 579]:

"A proceeding of this kind is an attempt to re-examine the merits of a judgment in a collateral suit between the same parties. Reasons of public policy and uniform authority forbid the attacking and impeachment of a judgment in this way. The plaintiff's only remedy is an equitable proceeding to set aside the judgment, or a petition for a new trial under the statute."

It can make no difference whether the cause of action alleged for destroying the judgment is perjury, conspiracy or official delinquency.

The order is affirmed.