**Paul M. HANSEN, Appellant,**

v.

**AMERICAN NATIONAL
BANK, Respondent.**

**No. C4–86–1083.**

Court of Appeals of Minnesota.

Nov. 25, 1986.

Timothy D. Kelly, Thomas C. Power, Mackall, Crounse & Moore, Minneapolis, for appellant.

Edward F. Fox, Doherty, Rumble & Butler, P.A., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Paul Hansen appeals from a judgment dismissing his action to vacate a 1981 judgment. Hansen claimed that the 1981 judgment was invalid because an amended complaint was not served on him and because of extrinsic fraud. We affirm the Ramsey County District Court's ruling that Hansen's claims are barred by res judicata and failure to state a claim for which relief can be granted.

## FACTS

In 1976 Paul Hansen and three others (Sterling Sessions, W. Blake Sonne and Charles Turlinski) purchased Buttrey's, a retail clothing business, from Harry Buttrey. They paid $500,000 in cash and signed a note for $864,723. The note was secured by the Buttrey stores' stock. Buttrey stores established a line of credit with American National Bank which was personally guaranteed by Hansen and the others. Hansen's liability was limited to 25 percent of the total liabilities of Buttrey stores, plus interest, attorney's fees and other costs incurred by the bank in enforcing collection. The bank also took a subordinate security interest in the stock. In 1977 Hansen fled to Victoria, British Columbia, to avoid civil and criminal actions by the IRS. These actions were eventually resolved. However, Hansen has resided in Canada as a landed immigrant since 1977.

On default of the obligations in 1979, the bank purchased the note from Harry Buttrey to take a first security interest in the stock, which they sold pursuant to Minn. Stat. § 336.9–504 (1978). The bank also set off $424,000 from the Buttrey stores' accounts. Buttrey stores filed for reorganization under Chapter 11 of the Bankruptcy Act.

### 1981 Judgment

In February 1980 the bank sued Hansen, Sessions, Sonne, Turlinski and the Toronto Dominion Bank in Ramsey County District Court to enforce the note and guarantee and to obtain a declaratory judgment that the disposition of the corporate securities was conducted in a commercially reasonable manner. Turlinski settled his personal liability to the bank through a "covenant not to sue," and the bank sought to enforce the note and guarantee against Hansen, Sessions and Sonne. Hansen did not answer until August 1980, after the bank moved for default. Hansen asserted numerous defenses, including an allegation that the bank had a "secret agreement" with Turlinski to cause the default of the Buttrey note. Hansen also asserted in a counterclaim that because of a "secret agreement" between the bank and Turlinski, the bank thwarted any filing in bankruptcy court. In addition, Hansen asserted a crossclaim against Turlinski.

Hansen, an attorney and former United States magistrate, was represented by several Twin Cities law firms while the action was pending. His pretrial discovery was limited to one set of interrogatories. He failed to appear for a deposition because he was avoiding apprehension and the bank's counsel had notified the FBI of his scheduled appearance.

By June 1981 the bank had resolved its claims against the Toronto Dominion Bank and Sessions. Sonne had filed bankruptcy. The bank obtained an order allowing it to file an amended complaint.

In the amended complaint only Hansen is a named defendant. The claims for relief are more specific. For example, while the original complaint alleged liability in excess of $50,000 on the guarantee, the amended complaint alleged $167,867.50 plus interest. The amended complaint was apparently not properly served on Hansen at his correct Victoria, British Columbia, address.

Hansen, however, knew of the amended complaint. After the bank moved to impose sanctions for his failure to comply with discovery, Hansen filed a response denying he had seen the amended complaint. He then filed a certificate of readiness for trial, and on August 18, 1981, the Ramsey County District Court set the matter for trial on October 14, 1981.

Hansen moved to continue the trial or stay it pending an appeal to the supreme court. He then dismissed his crossclaim against Sonne, Sessions and Turlinski. When the court denied the continuance motion, he unsuccessfully appealed to the Minnesota Supreme Court. The appeal was dismissed on October 13, 1981, and the case proceeded to trial. Hansen was now acting pro se. Prior counsel had either withdrawn or been dismissed.

Hansen did not appear for trial. The trial court judge heard testimony from George B. Benz, the bank's vice president, and entered judgment against Hansen for approximately $1 million. The court found the note and guarantee enforceable and the disposition of the Buttrey stock commercially reasonable. The court also found that the bank had no secret agreement with Turlinski to delay bankruptcy proceedings or to default on the note. Hansen did not appeal.

### British Columbia Action

In February 1982 the bank sued Hansen in British Columbia to enforce its judgment. Hansen, represented by a British Columbia attorney, again claimed the bank had a secret agreement with Turlinski, alleged that the Minnesota judgment was procured by fraud and perjury by Benz and that the Minnesota judgment was invalid because he was not properly served with an amended complaint.

On July 7, 1983, the British Columbia Supreme Court held that the amended complaint did not constitute a new cause of action. The court alternatively concluded that even if it did, Hansen, by appealing the denial of his continuance motion to the Minnesota Supreme Court, attorned himself to the jurisdiction of the Minnesota courts. The British Columbia court concluded that the 1981 judgment was res judicata and that Hansen had no defense. Hansen appealed to the Canadian Court of Appeals, which dismissed his appeal.

During the British Columbia action, Hansen wrote the bank threatening to take retaliatory action if it persisted in its collection efforts. He also warned that he would file bankruptcy to relieve himself from the judgment.

### Hansen's Minnesota Actions

In February 1983 a second trial judge dismissed two Ramsey County District Court actions in which Hansen claimed damages of $30 million against the bank for unreasonable commercial conduct, fraud and conspiracy in its credit relationship with Buttrey's. The judge ordered the clerk to reject any future filings by Hansen connected to this transaction.

In June 1983 a third trial court judge dismissed a third Ramsey County action in which Hansen asserted identical claims against the bank's general counsel and former loan officer. That judge found that Hansen was engaging "in a pattern of fabricating and serving bogus pleadings relating to previously adjudicated matters as a pretext for disseminating false stories about the Bank's integrity and financial condition." The judge concluded that all of Hansen's claims were previously "determined adversely to defendant by this court and are barred by the doctrine of res judicata."

### Washington Bankruptcy

In summer of 1983 Hansen filed two successive petitions for personal bankrupt-

cy with the United States Bankruptcy Court in Seattle, Washington. The first petition was dismissed. In the second, Hansen obtained an order to discharge the bank's $1 million judgment. The bank learned of the January 1984 discharge in January 1985 and immediately applied to reopen the case. The bank alleged fraud and Hansen's lack of a United States domicile.

As part of discovery, the bank voluntarily produced the "covenant not to sue" negotiated with Turlinski. Hansen claimed that this was the secret agreement he had referred to in the earlier cases.

The bank was ultimately successful in vacating Hansen's discharge of his liability on the judgment. The bankruptcy court expressly found that Hansen was not a credible witness, had engaged in sham transactions, and that his attempts to claim United States residence were an elaborate subterfuge.

*Current Action*

In October 1985 Hansen brought this action in Ramsey County District Court against the bank. Hansen again alleged that the bank had entered into a secret agreement with Turlinski and that he was not served with the amended complaint. He requested relief from the 1981 judgment and damages for breach of contract, conversion, fraud and intentional interference with contract relations. He later requested relief from his guarantee with the bank.

A fourth trial court judge granted the bank's motion to dismiss Hansen's complaint. The judge determined that Hansen's asserted deficiencies of service of the amended complaint were previously decided in both the original Minnesota action and the British Columbia action. The judge also found the allegations of secret agreements and collusion were raised and decided adversely to Hansen in the previous actions. Finally, the judge decided that any claims of the enforceability of the guarantee were required to be brought as compulsory counterclaims in the original

bank action and were barred. The judge denied the motion to vacate the 1981 judgment and awarded the bank attorney's fees of $9,892.95 under Minn.Stat. § 549.21 (1984). Hansen appeals.

**ISSUES**

1. Did the trial court err in determining that res judicata bars Hansen from relitigating the claim of lack of jurisdiction?

2. Did the trial court err in dismissing Hansen's allegations of fraud?

3. Did the trial court abuse its discretion in awarding attorney's fees and expenses to the bank?

**ANALYSIS**

I

Hansen first claims the original 1981 judgment was void because he was not served with the amended complaint. The bank argued and the court agreed that this issue, twice decided against Hansen, was res judicata.

▮ A judgment on the merits in a prior suit bars a second suit involving the same parties based on the same cause of action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *see Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 902 (Minn.1984).

▮ Res judicata applies to questions of jurisdiction. *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 78, 60 S.Ct. 44, 50, 84 L.Ed. 85 (1939), *reh'g denied,* 309 U.S. 693, 60 S.Ct. 464, 84 L.Ed. 1034 (1940). An objection based on lack of personal jurisdiction, while generally made by motion, *see* Minn.R.Civ.P. 12.02, may be raised for the first time in a subsequent proceeding. However,

[w]hen the objection to notice or [personal] jurisdiction has been raised in such a subsequent proceeding * * * the determination therein becomes preclusive. When the determination is by a court of another jurisdiction, federal or state, the problem becomes one not only of the

common law of res judicata but also of the Constitutional law of Full Faith and Credit.
Restatement (Second) of Judgments, § 10, Comment f (1982); *see Zions First National Bank v. World of Fitness, Inc.*, 280 N.W.2d 22 (Minn.1979).

■ When the determination is by a court of a foreign nation, that judgment is still recognized, not out of full faith and credit, but as a matter of comity. *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895). Minnesota has recognized the validity of foreign judgments and their res judicata effect. *Nicol v. Tanner*, 310 Minn. 68, 256 N.W.2d 796 (1976).

■ The 1983 British Columbia decision held that the 1981 Minnesota judgment was not subject to attack based on lack of personal jurisdiction. This decision was rendered after the issue was fully litigated. Hansen chose not to attack the 1981 judgment in post-trial motions or on appeal. He cannot now relitigate this issue.[1]

## II

Hansen also claims that the 1981 judgment should be vacated under Minn.Stat. § 548.14 (1980) because of fraud. The trial court ruled that this was res judicata because it was merely the same complaint Hansen has made continually since his answer to the original complaint in August 1980. The court also found in its accompanying memorandum that the allegation of fraud failed to state a cause of action on which relief could be granted.

Minn.Stat. § 548.14 (1980) provides in relevant part:

Any judgment obtained in a court of record by means of perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party in the same judicial district

within three years after the discovery by him of such perjury or fraud.

Hansen claims that the judge erroneously applied the doctrine of res judicata because Hansen's former complaint alleged *intrinsic* fraud, while his present complaint alleges a new equitable action for *extrinsic* fraud. Extrinsic fraud relates to matters collateral to the issues tried in the action. It is "of such a nature as to prevent the unsuccessful party from having his day in court and presenting his case fully." *Tankar Gas, Inc. v. Lumbermen's Mutual Casualty Co.*, 215 Minn. 265, 272, 9 N.W.2d 754, 759 (1943). Intrinsic fraud, on the other hand, affects matters involving the court proceedings, such as perjured testimony. *Bloomquist v. Thomas*, 215 Minn. 35, 38, 9 N.W.2d 337, 339 (1943); 2A Herr & Haydock, *Minnesota Practice*, § 60.17 (1985).

Hansen argues that his claims of extrinsic fraud have never been raised before. His claim, described in his brief, centers on his belief that naming Turlinski as a party in the original action resulted in a fraud on the court because Turlinski and the bank had negotiated a settlement which included the bank's agreement not to sue Turlinski. The extrinsic fraud distinction is raised for the first time in his brief. In his complaint Hansen did not allege any extrinsic fraud which could be a basis for relief. Rather, his claims were of intrinsic fraud, i.e., secret agreement with Turlinski, false testimony of George Benz, non-authorized Chapter 11 filing, prefiling set-off, failure to challenge set-offs in bankruptcy court. These claims were clearly previously raised and previously decided.

■ The trial court also determined that Hansen's new action based on fraud failed to state a cause of action under Minn.Stat. § 548.14 (1984). The court properly relied on *Penniston v. Miller*, 156 Minn. 403, 194

1. Although the consequences of res judicata are not altered by the fact that the judgment may have been wrong, *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981), defective service of an amended complaint does not invalidate a judgment which was obtainable under the validly served original complaint. *Viiliainen v. American Finnish Workers Society*, 236 Minn. 412, 417, 53 N.W.2d 112, 115 (1952).

N.W. 944 (1923). In *Penniston* the court held that

> the mere allegation by the defeated party that there was, as to such issue, false or perjured testimony by the successful party or his witness, will not bring the case within the statute [§ 548.14].

*Id.*, 156 Minn. at 404, 194 N.W. at 944.

Even if Hansen had properly alleged the issue of extrinsic fraud, his claims are unpersuasive. In the original 1980 complaint the bank did not assert any claims against Turlinski except a declaratory judgment determining that its disposition of the corporate stock was commercially reasonable. The complaint itself refutes Hansen's claim of fraud on the court caused by naming Turlinski as a party.

### III

■ The trial court awarded the bank $9,892.95 in attorney's fees, plus costs. Under Minn.Stat. § 549.21 (1984), such an award is permitted if the opponent has "acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court."

Hansen argues that the trial court abused its discretion because his action was not brought in bad faith. *Lamb v. Jordan,* 363 N.W.2d 351, 353 (Minn.Ct.App.1985). Hansen had made repeated stale claims of fraud and lack of jurisdiction. The history of this litigation supports the court's action.

### DECISION

The trial court properly dismissed Hansen's action to vacate a default judgment on the grounds of res judicata and failure to state a claim for which relief could be granted and did not abuse its discretion in awarding the bank attorney's fees.

Affirmed.