## W. A. MASON v. WALTER H. MacNEIL AND OTHERS.[1]

June 3, 1932.

No. 28,913.

*G. F. Mantz, Carl F. Granrud,* and *Arthur C. Wangaard,* for appellant.

*A. M. Bayer* and *Arthur A. Sturdevant,* for respondents.

STONE, J.

Appeal by plaintiff from an order setting aside both the judgment for the foreclosure of a materialman's lien and the sale thereunder of property belonging to defendants MacNeil.

Plaintiff supposes that the only question presented by the appeal is whether there was any discretion to vacate the judgment, application having been made, it is claimed, more than one year after notice thereof to the judgment debtors. The reference is to G. S. 1923 (2 Mason, 1927) § 9283, which limits to one year the exercise of the power of the court to vacate a judgment taken through "mistake, inadvertence, surprise, or excusable neglect." As we view the case, that is not the only question. But if it were, the record may be construed to present an issue of fact as to when defendants MacNeil first had notice of the judgment. Decision may have been based upon a finding that the defendants proceeded within a year after notice to have the judgment set aside. Such a decision of a

[1]Reported in 243 N. W. 129.

determinative fact issue we do not disturb. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5035.

The application to vacate was grounded not only, under § 9283, on "mistake, inadvertence, surprise, or excusable neglect" of defendants MacNeil, but also upon some evidence of fraudulent representations made for plaintiff's benefit and resulting, it was claimed, in lulling defendants MacNeil into the justifiable assumption that no further proceedings would be taken in the action, relying on which they were to make, and did make, some payments on plaintiff's claim. Here also is a fact issue, the determination of which by the court below is final. If obtained by fraud, the judgment was open to attack by action for three years after discovery of the fraud, under another statute, G. S. 1923 (2 Mason, 1927) § 9405. The remedy by separate action is concurrent with that by motion in the case wherein the judgment was rendered. Clark v. Marvin, 140 Minn. 285, 167 N. W. 1029.

In violation of district court rule 20, 175 Minn. xliii, the motion in question is improperly secretive as to the ground upon which it proceeded. Equally without self-explanation as to basis is the order under review. We have been forced therefore to ascertain from record and argument as best we may the theory of both motion and decision. Because of the cast given the facts by the decision, based on conflicting affidavits, we cannot interfere with the result.

Order affirmed.