## R. W. NICHOLS v. VILLAGE OF MORRISTOWN.[1]

November 9, 1934.

No. 30,140.

R. W. Nichols, pro se.
Thomas H. Quinn, for respondent.

PER CURIAM.

In this case the plaintiff sought an injunction against the obstruction of a watercourse and also to compel the village to remove a culvert and install a bridge in its place at a point where the watercourse crosses one of the village streets. He also claims damages for past floodings of his property. After the trial the court

[1]Reported in 257 N. W. 82.

made findings and ordered judgment for the defendant, plaintiff moved for amended findings or a new trial, and has appealed from the order denying him that relief. The order refusing the findings is not appealable, and we consider only the order denying a new trial. The motion for a new trial was heard upon the minutes, and no case was ever settled. Therefore we consider only whether the findings of fact support the conclusions and order for judgment. It is presumed that sufficient evidence was introduced to justify the findings. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 372, n. 72.

According to the findings, plaintiff's lots, which are at times overflowed, are nearly level with the top of the bank of a natural watercourse known as Trout Brook. The court found that the bed of this brook is wide and deep enough to permit the natural flow of surface water except at times of freshets and floods, when it overflows its banks. Trout Brook empties into Cannon River not far from plaintiff's property, and the court found that when the banks of the brook overflow the Cannon River also overflows and backs up Trout Brook, forcing back the waters which otherwise would find their way into the Cannon, and that these waters so backing up overflowed property adjoining the banks of the brook, including that of the plaintiff. At one time there was a bridge across the brook below the plaintiff's lots, and a ditch along the side of the road carried the water which came down the brook to this bridge, and then it followed down the regular channel. This bridge was replaced by a culvert of tile, and the ditch was also replaced by tile. Among other things the plaintiff seeks to compel the village to reëstablish the bridge, but he does not want the ditch along the side of his property where it was before. The court found that while the bridge was in existence the waters flooded the property now owned by the plaintiff and other adjoining property in much the same manner as they do at the present time under the tile which has taken the place of the bridge. It also found that the village had provided an adequate and proper outlet for the flood waters by means of tile construction which was reasonably sufficient for the purpose and for such rains as might be anticipated, and that it had exercised reasonable skill, care, and judgment in so doing. It also

found that the village did not substantially change or interfere with the natural flow of the watercourse and did not discharge upon the plaintiff's land or cause to be discharged thereon any more water than would have come upon it had a bridge or other method of disposition been chosen.

Certain exhibits were introduced in evidence, and by stipulation they were referred to in this court. They showed the fall of the water, the capacity of the tile and bridges in so far as Trout Brook is concerned; but in the face of the court's findings that the damage to the plaintiff is due to the backing up of the waters of the Cannon River and that no more water is discharged upon his property than would be if a bridge were constructed or other method adopted for the disposal of the water, we cannot disturb the court's conclusion in behalf of the defendant.

The order denying the new trial must be affirmed.