R. W. NICHOLS v. VILLAGE OF MORRISTOWN.[1]

December 13, 1935.

No. 30,501.

*George W. Peterson,* for appellant.
*Thomas H. Quinn,* for respondent.

JULIUS J. OLSON, JUSTICE.
This case has been here before. Nichols v. Village of Morristown, 192 Minn. 510, 257 N. W. 82. The findings of the court are there

[1]Reported in 263 N. W. 900.

fully stated, and reference thereto is sufficient for our present purpose. Since that opinion was filed plaintiff has caused judgment to be entered, procured a settled case, and has appealed from the judgment, thereby enabling us to consider the facts as made by the record, that being the thing that was wholly lacking upon the former appeal.

Plaintiff has assigned several errors, but we think the one determinative of plaintiff's cause is whether the evidence reasonably sustains the findings. We have attentively read the entire record and have reëxamined the many exhibits submitted. The result leaves no doubt in our minds that the findings are amply sustained. It is not for us to weigh the testimony. Obviously that must be left to the trier of fact. But even if we were to do so in the instant case, it will be found that defendant's witnesses not only outnumber those called by plaintiff but also that the cogency of their testimony outweighs that upon which plaintiff relies.

The cause was heard by the judge without a jury. At the invitation of the parties he examined the premises involved. A great deal of testimony was taken by and in behalf of the conflicting interests.

The crucial point in plaintiff's cause (and this is the basis for his suit) is that the tile laid by defendant village is inadequate to take care of the surface water cast into the same and that thereby the water flowing down Trout Brook is backed up onto plaintiff's property to its injury. The county surveyor, testifying for defendant, said that in his opinion "this tile will discharge approximately twice as much water as the creek at its present grade can take care of" at the tile outlet. The difficulty, so this witness testified, is caused by "the action of the water coming down in the creek from above through a creek that is from six to eight feet wide rushing down and meeting a comparatively level portion of land with the water comparatively level backing up from the [Cannon] river and where they meet it [the water] simply raises. It [the surface water] rushes down the hills and meets the level of the water,—it happens this point is the focal point of the two grades." This witness is of opinion that the tile is not an obstruction be-

cause it discharges twice as much water as the creek below is able to take care of; also that the creek in its present natural state at the point of outlet prevents the relief plaintiff seeks. "Leaving the creek as it is at present it [a bridge] wouldn't influence it [the flow of water] to any degree as I can see." The bridge, if such were constructed, "is not a cure for the condition that exists there." Many other witnesses verify this claim.

The trouble with plaintiff is that he acquired property consisting of low and flat land. The creek is inadequate to carry off surface water during freshets caused by suddenly melting snows or heavy downpour of rain. The Cannon River at the point of the creek outlet backs up the water flowing into it, and as a consequence overflow follows. This conclusion seems inevitable from the record before us. Plaintiff has no cause of action due to any negligent or other improper conduct on defendant's part.

That being the situation and the court, upon adequate evidence, having found the facts in conformity with the contentions of the village, we cannot interfere. It follows that the judgment must be and is affirmed.