## R. W. NICHOLS v. VILLAGE OF MORRISTOWN.[1]

December 30, 1938.

No. 31,830.

*R. W. Nichols,* pro se.
*Thomas H. Quinn,* for respondent.

PER CURIAM.

This is the third time plaintiff has appealed this case. The former appeals are reported in 192 Minn. 510, 257 N. W. 82, and 195 Minn. 621, 263 N. W. 900.

Plaintiff, a layman, appears *pro se* and has filed a lengthy brief of no help to the court. The judgment herein attacked was entered in the court below December 29, 1934. It was affirmed in this court December 13, 1935. The motion which resulted in the order assailed by the instant appeal is dated December 6, 1937, a delay of almost two years. The motion was for an order to vacate and set aside the findings and order for judgment, and the judgment, and for a new trial "on the ground that said findings and judgment were based upon the testimony of witnesses which was wilfully false and untrue and which false testimony caused the court to be

[1]Reported in 283 N. W. 748.

deceived and misled as to the true facts of said case. Said motion will be based upon the affidavits hereunto attached and the exhibits therein referred to, and upon oral evidence to be presented at said time." Plaintiff sets out in his brief the affidavits in support of the motion, but not those in opposition thereto.

In its order denying the motion the court states that defendant's objection to taking oral testimony upon the hearing was overruled, and oral testimony was taken. There is no settled case or bill of exceptions of this oral testimony. In that situation a lawyer would realize the futility of the appeal. But, plaintiff being a layman and appearing *pro se,* we overlook whatever may be amiss in his brief and record; and so doing we nevertheless find in the record ample ground upon which the order of the court below must be sustained. The affidavits of engineer Dokken, if accepted by the trial court, in a large measure explain and render ineffective the claim of plaintiff insofar as vacating the findings and judgment on the ground that the same were erroneous or that the court had been misled in their rendition.

Again, the legal reason for the correctness of the order of the trial court is that in an action under 2 Mason Minn. St. 1927, § 9405, to vacate a judgment for fraud or perjury in securing its rendition, the fraud or perjury must relate to something extrinsic to what occurred in the actual trial and the testimony there given concerning the issues litigated. There is no fraud stated in the motion or other wrong than untrue and perjured testimony given in the trial. The whole complaint in this respect is that the answer did not present as an issue the backing up of the floodwaters of Cannon River so as to reach and damage plaintiff's premises. This is an error. The fifth paragraph of the answer reads:

"That said Trout Brook drains large areas above the premises involved and that the area around the premises involved from there to the river is exceedingly flat and that at times the water backs up even from the river; alleges that the premises herein involved have always been flooded during flood times and during times of

high water and that the plaintiff was well aware of this when he acquired any rights, if any he has," etc.

The settled case discloses that each party had a civil engineer as a witness at the trial. Mr. Cox for plaintiff offered a survey and plat made by him. He testified to various levels, and the capacity of the tile and bridges to allow floodwaters of Trout Brook to escape to the river. Mr. Dokken for defendant testified from survey and plat made by him touching the same matters. A number of witnesses, residents of Morristown, gave testimony regarding the floodwaters in the brook and river. Plaintiff had every opportunity to prepare for and adduce all the testimony he deemed needed at the trial to prove that the floodwaters of Cannon River did not reach his land. That since rendition of the judgment he has gone to great expense in having another civil engineer, Mr. Mealia, make painstaking surveys and plats showing various data and levels cannot result in a new trial. Mr. Dokken's counter affidavit discloses that taking it all in all the surveys and levels of the three civil engineers are practically in accord. Under such decisions as Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Moudry v. Witzka, 89 Minn. 300, 94 N. W. 885; Murray v. Calkins, 186 Minn. 192, 242 N. W. 706; 3 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 5127, 5128, and 5129, and cases therein cited, it is perfectly clear that plaintiff's motion to set aside the judgment for perjury cannot be granted. We recognize that he could proceed by motion instead of by action, Mason v. MacNeil, 186 Minn. 278, 243 N. W. 129. This case also shows that on the conflicting affidavits of Mealia and Dokken the trial court's decision upon the motion cannot be disturbed by this court.

Order affirmed.